By the Court.
 

 Section 12285, General Code, reads: “The writ [of mandamus] may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion.”
 

 The Court of Common Pleas exercised its judgment, first, in overruling the motion to set the will contest for hearing only upon the issue of the interest of the contestant, and, second, in overruling the contestant’s motion to dismiss the defendants’ motion for an order of abatement and dismissal, and continuing the latter motion for determination when the will-contest case was assigned for trial.
 

 The relators in the present proceeding, who are defendants in the will contest, seek to control the exercise of discretion by the trial court. The writ of mandamus will not be issued to control judicial discretion.
 
 State, ex rel. McCamey, v. Court of Common Pleas,
 
 141 Ohio St., 610, 49 N. E. (2d), 761;
 
 State, ex rel. Cook, Supt.,
 
 v.
 
 Court of Common Pleas,
 
 144 Ohio St., 461, 59 N. E. (2d), 376; and
 
 State, ex rel. Dunphy,
 
 v.
 
 Graham, Judge,
 
 146 Ohio St., 547, 67 N. E. (2d), 321.
 

 The relators contend Section 1685, General Code, made mandatory the duty of the respondent judge to determine the motion within 30 days after its submission. Section 557-1, Revised Statutes, the predecessor of Section 1685, was held directory in
 
 James
 
 v.
 
 West, Admr.,
 
 67 Ohio St., 28, 65 N. E., 156.
 

 The demurrer to the petition is sustained and a writ denied.
 

 Writ denied.
 

 Weygandt, O. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.