Weygandt, C. J.
This litigation results from a railroad crossing collision at about one o’clock at night. Pour young men were riding in the automobile that was struck. Three of the four were brothers. All were killed instantly. This decedent was one of the brothers. All lived in Enon Valley, Pennsylvania.
The defendant contends that the trial court was in error in permitting the substitution of the present administratrix for the ancillary administrator, the origi *364 nal party plaintiff, after the lapse of the two-year statutory period of limitation.
The plaintiff, as did the lower courts, relies on the decision of this court in the case of Douglas, Admx., v. Daniel Bros. Coal Co., 135 Ohio St., 641, 22 N. E. (2d), 195, 123 A. L. R., 761. The first paragraph of the syllabus reads:
‘ ‘ 1. Where a widow institutes an action, as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute. ’ ’
The defendant seeks to distinguish that case by asserting that there there was no difference of persons involved, that the original plaintiff actually became qualified, and that there was an honest intent and mistake, while in the instant case there was a substitution of an entirely different person acting in a different capacity, there was a failure of the ancillary administrator to qualify, and there was knowledge of the lack of capacity.
However, in making these contentions the defendant disregards the controlling facts that this cause of action remains unchanged and that the plaintiff is not the real party in interest but acts merely as a nominal or formal party or statutory trustee for the statutory beneficiaries who are the real parties. Under the plain provisions of Section 10509-167, General Code, it is mandatory that “an action for wrongful death must be brought in the name of the personal represen *365 tative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent.” In the first paragraph of the syllabus in the case of Wolf, Admr., v. Lake Erie & Western Ry. Co., 55 Ohio St., 517, 45 N. E., 708, 36 L. R. A., 812, this court held:
“1. In actions in the name of an administrator under Sections 6134 and 6135, Revised Statutes [now Sections 10509-166 and 10509-167, General Code], the administrator is a mere nominal party, having no interest in the case for himself or the estate he represents, and such actions are for the exclusive benefit of the beneficiaries in said sections named.”
In the opinions in the Wolf and Douglas cases, supra, it is observed that under the provisions of the statute it is not even necessary that the representative bring the action. The requirement is merely that the action be brought in his name.
Furthermore, this statute is procedural and remedial in its nature, and in' conformity with the general rule it should be construed liberally. It is included in Part Third of the General Code, and Section 10214, General Code, reads as follows:
“The provisions of Part Third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice. The rule of the common law, that statutes in derogation thereof must be strictly construed has no application to such part * * *.”
According to the weight of authority, the term “personal representative,” as used in wrongful death statutes, is generally considered broad enough to include a temporary, special or ancillary administrator or executor. 25 Corpus Juris Secundum, 1172; 16 American Jurisprudence, 184; 65 A. L. R., 564. And in Section 10511-13, General Code, it is provided that “if *366 no domiciliary administration has been commenced, the ancillary administrator shall proceed with the administration in Ohio as though the decedent had been a resident of Ohio at the time of his death.”
The defendant cites no authority to the contrary.
Hence, the lower courts were not in error in permitting the substitution of the present administratrix for the ancillary administrator.
The defendant’s next complaint is that the trial court was in error in the charge to the jury and in the admission of evidence as to whether this decedent was a mere passenger or was driving the automobile at the time of the collision and therefore was guilty of contributory negligence precluding a recovery.
Of course, unless shown by the plaintiff’s own evidence, the burden of proving contributory negligence was on the defendant.
The record is silent as to who was driving at the moment of collision.
The defendant’s next contention is that it was entitled to a third trial on the ground of “newly discovered evidence which with reasonable diligence the defendant could not have discovered and produced at the trial.”
In support of its motion for a new trial the defendant produced two affidavits. One was that of a woman who did testify at the first trial. The second was that of a man who did not testify at either the first or the second trial, but he was one of the defendant’s own employees.
A study of the record discloses that the claimed newly discovered evidence fails to meet the following-tests restated in the third paragraph of the syllabus in the case of Sheen v. Kubiac, 131 Ohio St., 52, 1 N. E. (2d), 943: (1) the new evidence must be such as will probably change the result if a new trial is grant *367 ed, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence.
The final complaint of the defendant is that the trial court lost jurisdiction of the case by a delay of four years and three months in ruling on the motion for a new trial. The defendant stigmatizes this as “unconscionable and beyond all reason.” The delay is unexplained in the record. The defendant relies on the following provisions of Section 1685, General Code:
“When submitted on motion or demurrer, or motion for new trial, or when submitted to the court on proceedings in error or on final trial on the issues joined, a cause now pending, or hereafter begun in a court of record in this state, shall be determined and adjudicated within thirty days after such submission.”
In the cases of James v. West, Admr., 67 Ohio St., 28, 65 N. E., 156, and State, ex rel. Ticknor, v. Randall, Judge, 152 Ohio St., 129, 87 N. E. (2d), 340, this statute and its predecessor were held to be directory and not mandatory. Having in mind the important and timely axiom that justice delayed is justice denied, Chief Justice Burket made the following pertinent observation in the West case:
‘ ‘ This statute is directory merely, and does not have the effect to deprive the court, referee, or special master of jurisdiction. The object of the statute is to secure speedy action by the court, referees and masters; but to take away jurisdiction would have the opposite effect, and cause intolerable delay. A judge takes an oath, faithfully and impartially to discharge and perform all the duties incumbent on him as such judge. * * * These oaths all have reference, among other *368 things, to said statute, and thereby all judges, referees and masters take an oath to obey that statute, and to make their decisions within the time required. The oath and statute are binding on their conscience, but are not matters affecting their jurisdiction.”
Hence, while the delay in the instant case was unfortunate and regrettable, it did not have the effect of depriving the court of jurisdiction in the case.
This court is of the view that under the circumstances disclosed by the record the lower courts were not in error, and the judgment must be affirmed.

Judgment affirmed.

Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.