THE STATE, EX REL. TAXPAYERS LEAGUE OF NORTH RIDGEVILLE ET AL., *v.* NOLL, MAYOR, ET AL.

[Cite as State, ex rel. Taxpayers League of North Ridgeville, *v.* Noll (1984), 11 Ohio St. 3d 190.]

(No. 83-1848—Decided June 20, 1984.)

*Mr. Milt Schulman*, for relators.
*Mr. Jeffrey H. Manning*, for respondents.

*Per Curiam.* Relators argue that Section 13.2 of the North Ridgeville City Charter provides them with a right to a referendum. That section states in pertinent part: "Within thirty (30) days after the enactment by Council, of *any ordinance or resolution which may be subject to a referendum under the laws of the State of Ohio,* a petition * * * may be filed * * *. When said petition is filed, the Clerk of Council, shall * * * ascertain the sufficiency of the petition, and if found sufficient, the Council shall * * * reconsider such ordinance or resolution. If Council fails to repeal said ordinance or resolution * * *, the Council shall submit it to a vote of the electors * * *." (Emphasis added.) The emphasized language indicates that the right to a referendum pursuant to Section 13.2 extends only to ordinances which are subject to a referendum under state law.

Relators cite Section 5, Article XVIII of the Ohio Constitution which states:

"Any municipality proceeding to acquire, construct, own, lease or operate a public utility, * * * shall act by ordinance and no such ordinance shall take effect until after thirty days from its passage."

Relators contend that Ordinance No. 1840-83 was an ordinance by which the city proceeded to acquire a public utility and, as such, was subject to referendum. Respondents argue that Section 5, Article XVIII does not apply to the ordinance. We agree with respondents.

*State, ex rel. Fostoria,* v. *King* (1950), 154 Ohio St. 213 [43 O.O. 1], presented this court with a factual situation strikingly similar to the instant case. In that case, the city council of Fostoria passed an ordinance providing for the issuance of bonds the proceeds of which were to be used to finance the enlargement of the city's sewage system by construction of a new intercepting sewer. Petitions were filed with the city council but the council refused to submit the ordinance to a referendum. This court was called upon to determine "whether * * * [the ordinance] is subject to referendum by reason of the provisions of Section 5 of Article XVIII of the Constitution * * *." This court held at paragraph two of the syllabus that it was not:

"*Where a sewage system has been operated by a municipality for years as a public utility, an ordinance of such municipality is not subject to referendum under the provisions of Section 5 of Article XVIII of the Constitution although the ordinance provides for substantial reconstruction, alteration, rebuilding, enlargement or improvement of, or additions to, or other extensions of such sewage system.*" (Emphasis added.)

The ordinance authorizing the acquisition of the water treatment facility herein can be characterized as providing for substantial enlargement of or improvement to an already existing sewage system. It is not, therefore, subject to referendum under Section 5, Article XVIII.

Respondents further argue that the validity of the ordinance as an

emergency ordinance is governed by the city charter. Section 3.13 of the charter provides in pertinent part:

"* * * [A]ny emergency ordinance or resolution necessary for the immediate preservation of the public * * * health or safety shall take effect * * * upon its approval * * *." Respondents also cite R.C. 731.30 which states in pertinent part: "* * * emergency ordinances * * * shall go into immediate effect * * *."

In *State, ex rel. Fostoria,* v. *King, supra,* this court held at paragraph three of the syllabus that "[a]n ordinance enacted as an emergency pursuant to the provisions of Section 4227-3, General Code [now R.C. 731.30], is not subject to referendum under the provisions of Section 4227-2 *et seq.,* General Code [now R.C. 731.29 *et seq.*]." Ordinance No. 1840-83 was clearly an emergency measure. Section 5 of the ordinance stated, "* * * this Ordinance is hereby declared to be an emergency measure, the emergency being the immediate necessity to provide for the public health, safety and welfare of the citizens of the City of North Ridgeville * * *." In *State, ex rel. Fostoria,* v. *King, supra,* this court held at paragraph four of the syllabus that "[t]he duty and responsibility of determining the emergency and the necessity that a measure go into immediate effect * * * are placed by Section 4227-3, General Code [now R.C. 731.30], in the council * * * of a municipality. Such a determination by a municipal council and the soundness of the reasons stated by such council for such necessity are not subject to review by the courts." Ordinance No. 1840-83, as an emergency measure, was not an ordinance subject to referendum under charter Section 13.2.

In order to obtain a writ of mandamus the relator must prove that he has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no adequate remedy at law. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53]. If the relator fails to demonstrate the existence of any of these criteria, the writ will not lie. Relators had no legal right to a referendum on the ordinance. Respondents had no legal duty to examine the submitted petitions or permit a referendum. The writ prayed for is therefore denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.