DAYTON WOMEN'S HEALTH CENTER, INC. et al., Appellees,

v.

ENIX et al., Appellants.

[Cite as *Dayton Women's Health Ctr., Inc. v. Enix* (1993), 86 Ohio App.3d 777.]

Court of Appeals of Ohio,
Montgomery County.

No. 13541.

Decided March 22, 1993.

778

David C. Greer and *John Haviland*, for appellees.

*Thomas E. Grossmann* and *Robert Huffman*, for appellants.

---

*Per Curiam.*

Defendants David Enix and others appeal from an order requiring them to pay attorney fees to plaintiff Dayton Women's Health Center, Inc. et al. The attorney fees were incurred by plaintiffs in the course of their prosecution of defendants on charges of civil contempt. Defendants were found guilty of those charges on the basis of their acts at the premises of the Dayton Women's Health Center to protest abortion in a manner contrary to and in violation of an injunction issued by the court of common pleas. For a discussion of the facts and history of that proceeding, see *Dayton Women's Health Ctr. v. Enix* (1991), 68 Ohio App.3d 579, 589 N.E.2d 121.

Defendants present three assignments of error, arguing (1) that the award of attorney fees was against the manifest weight of the evidence, (2) that there was excessive delay between plaintiffs' motions for attorney fees and the trial court's decision and order, which should be deemed a denial of that motion, and (3) that the order was improper because the violations of the trial court's injunction by some of the defendants were not intentional or willful.

We conclude that the trial court's decision and order were not against the manifest weight of the evidence, that defendants were not prejudiced by any delay, and that a specific finding of willfulness or intent is not a prerequisite to an order assessing attorney fees in a civil contempt proceeding. Accordingly, we shall overrule the assignments of error and affirm the judgment of the trial court.

Plaintiffs have argued that this court lacks jurisdiction because the order from which defendants should have appealed was an earlier order of the trial court, issued March 14, 1989, finding defendants in contempt and stating that

plaintiffs were entitled to attorney fees. Plaintiffs argue that this constituted a final, appealable order, from which appeal should have been taken, and that the failure to do so deprives this court of the jurisdiction to consider the issue. We do not agree. The mere finding that a party is entitled to attorney fees from another party is not a final appealable order for purposes of review until the amount of attorney fees is actually ordered. See *Hoblit v. Hoblit* (Mar. 30, 1992), Miami App. No. 91 CA 30, unreported. 1992 WL 67599. The argument of plaintiffs in this respect is not well made.

Defendants' first assignment of error states:

"The trial court erred to the prejudice of the appellants Mindy Berry, Lori Delane, Mary Gigandet, David Mehaffie, James Mehaffie, Kym Mehaffie, Bruce Moore, Corina Sumner, and Dawn Thomas by awarding a total of $4,500.00 in attorneys fees against them."

Defendants argue that the award of attorney fees in the amount of $500 per defendant was excessive and contrary to law because the amount awarded is unreasonable, capricious, against the manifest weight of the evidence, and not supported by the record.

■■■ An award of attorney fees must represent reasonable compensation for necessary legal services rendered, and the amount is a matter within the court's sound discretion. Some of the factors to be considered in determining the amount of attorney fees to be awarded include:

"(1) the time and labor involved in maintaining this litigation, (2) the novelty, complexity, and difficulty of the questions involved, (3) the professional skill required to perform the necessary legal services, (4) the experience, reputation, and ability of the attorneys, and (5) the miscellaneous expenses of this litigation." *State ex rel. Montrie Nursing Home v. Creasy* (1983), 5 Ohio St.3d 124, 5 OBR 258, 449 N.E.2d 763. Accord *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 543 N.E.2d 464.

Defendants have not directed this court's attention to anything in the record which affirmatively demonstrates that the trial court failed or refused to consider the foregoing factors. In the absence of evidence to the contrary, we must presume the trial court considered them.

■■■ Plaintiffs originally filed some three hundred thirty-four charges of contempt against the defendant class, composed of many individuals. Following five days of trial, the court entered eighteen guilty verdicts against the ten defendants who now appeal.

Plaintiffs claimed that attorney fees in the amount of $19,087.50 were expended in prosecuting the three hundred thirty-four charges of contempt. This figure

was arrived at by multiplying the time expended by counsel and paralegals on this case by the applicable hourly rates of those persons. Plaintiffs then estimated that approximately one-half of that $19,000 figure, or $9,543.75, was the amount expended for the successful prosecution of the contempt charges against these defendants. This figure included not only the time plaintiffs' counsel spent in trial, but also time allotted to pretrial preparation, drafting and legal research, telephone calls, and paralegal services.

Plaintiffs' counsel testified at the hearing on the motion for attorney fees that because they were prosecuting contempt charges against a class of people, they did not break down their time records by specific instances of conduct for each individual defendant member of the class. Counsel for plaintiffs indicated that the $9,543.75 figure represented the best estimate of the fees reasonably incurred in successfully prosecuting the defendants. Counsel acknowledged that some of the time expended involved general matters concerning the entire class and not just these defendants, such as responding to motions filed by the class as a whole, pretrial preparation, etc.

The matter was submitted to the trial court on the testimony of defendants' counsel, submission of counsel's time records, and arguments by both parties. The trial court rejected plaintiffs' request for attorney fees in the amount of $9,543.75. Instead, the court determined that attorney fees totaling $5,000, payable by each defendant in the amount of $500, were reasonable and it awarded judgment to plaintiffs.

Defendants argue that because the time records of plaintiffs' counsel do not indicate what portion of the time expended was devoted to the prosecution of the contempt charges against each of these defendants, the evidence does not support the trial court's award of $5,000. However, the trial court was well aware of this issue and, in fact, cited it as one of the reasons why the amount of fees requested by plaintiffs ($9,543.75) was unreasonable.

The evidence submitted clearly supported some award of attorney fees expended by plaintiffs in prosecuting defendants for contempt, and questions regarding what amounts were reasonable and necessary, and how to parcel or apportion such amounts consistent with the acts of the contemnors were matters within the trial court's sound discretion. We see no abuse of discretion in the amount of attorney fees awarded by the court in this case.

With respect to claims such as this one involving the weight and sufficiency of the evidence:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being

against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

This assignment of error is overruled.

Defendants' second assignment of error states:

"The trial court erred to the prejudice of the appellants by awarding attorney fees against them more than three years after appellees moved to receive their attorney fees."

Plaintiffs first moved for an award of attorney fees in June 1989. The trial court ordered fees by decision entered in June 1992. Defendants argue that motions to a trial court must be determined within a reasonable period of time, and are deemed denied if the movant does not proceed with his motion in a timely fashion. On these facts, they argue that plaintiffs' failure to diligently pursue their motion and the trial court's failure to decide the motion within a reasonable time should prevent the granting of the motion.

■ Defendants point to R.C. 2701.02 and C.P.Sup.R. 6 in arguing that motions should be determined within a specified period of time. These provisions however are intended to be directory only, not jurisdictional. *State ex rel. Ticknor v. Randall* (1949), 152 Ohio St. 129, 39 O.O. 440, 87 N.E.2d 340. Defendants acknowledge as much, stating that those provisions "may not be absolute." ·

■ While the record before this court is not fully developed on this issue, the docket and journal entries demonstrate that the court repeatedly set the motion for a hearing and that at least three times the hearings were continued at the request of the parties, twice at defendants' own request. Thus, defendants were partly responsible for the delay in deciding this matter and cannot argue that they were prejudiced by it.

Moreover, we note that defendants do not even argue, much less demonstrate, how the delay between the filing of plaintiffs' motion for attorney fee and the hearing and decision thereon prejudiced them.

This assignment of error is overruled.

Defendants' third assignment of error states:

"The trial court erred to the prejudice of appellants Mindy Berry, Mary Gigandet, Lori Delane, Dawn Thomas, Bruce Moore, and Corina Sumner by awarding attorney fees against them in any amount."

Defendants argue that attorney fees should not have been assessed against them because there was no finding by the trial court and no evidence presented that their violation of the court's injunction was willful or intentional.

In Ohio, a trial court has the discretion to assess reasonable attorney fees as part of the costs against a defendant found guilty of civil contempt. *Planned Parenthood v. Project Jericho* (1990), 52 Ohio St.3d 56, 556 N.E.2d 157; *State ex rel. Fraternal Order of Police v. Dayton* (1977), 49 Ohio St.2d 219, 3 O.O.3d 360, 361 N.E.2d 428. Appellants repeatedly acknowledged this at the hearing held on the motion for attorney fees.

We find no language in the Ohio Supreme Court's decisions that a necessary precondition to assessing attorney fees in a civil contempt action is that the contempt be intentional and willful. If the defendant is found guilty of civil contempt, the trial court may, in its discretion, assess attorney fees as part of the costs.

Defendants were found guilty of civil contempt. This court subsequently affirmed the trial court's contempt findings. *Dayton Women's Health Center v. Enix* (1991), 68 Ohio App.3d 579, 589 N.E.2d 121. The trial court had the authority, in the exercise of its discretion, to assess attorney fees against defendants, and they have failed to demonstrate why the court's decision to assess those fees constituted an "abuse of discretion," that is, an arbitrary, unreasonable, or unconscionable action or attitude. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 O.B.R. 481, 450 N.E.2d 1140.

Defendants' argument that they were not served with the trial court's injunction, did not have notice of its contents, and therefore did not intentionally and wilfully violate it is nothing more than an invitation to revisit the question of the evidentiary sufficiency of the findings of contempt against them. We refuse to reconsider that question here as the issue was previously decided in our reported case and now is *res judicata.* Although not necessary to our decision, we do note that the trial court concluded that the violations of its injunction were "deliberate, intentional violations of the order, knowingly done."

This assignment of error is overruled.

Having overruled all assignments of error presented, we will affirm the judgment of the trial court.

*Judgment affirmed.*

GRADY, P.J., BROGAN and FAIN, JJ., concur.