DECISION AND JUDGMENT ENTRY
This matter is before the court on the petition of relator, Charles J. Hickey, who requests that this court issue a writ of mandamus, pursuant to R.C. 2731.01 and R.C. 2731.02, ordering respondent, Judge Charles J. Doneghy, to adjudicate his appeal from the Toledo Board of Review ("board") in regard to relator's claim for a refund of municipal income tax. Attached to relator's petition is a copy of a judgment entry containing a briefing schedule setting forth that the case would be deemed fully submitted to the trial court for ruling on July 19, 1999. Relator argues in his petition that, pursuant to R.C.2701.02, the case should have been decided by August 18, 1999, thirty days after it was submitted. Relator also argues that, pursuant to the nine month requirement for the final adjudication of administrative appeals of Gen.R. 5.03 of the Court of Common Pleas of Lucas County, the case should have been decided by October 27, 1999. Also attached to relator's petition is a motion for a final decision filed by relator in the trial court on April 28, 2000.
Also before this court is a motion to dismiss and answer to relator's application for writ of mandamus filed by respondent. Respondent argues that this court should dismiss relator's application because this action is moot as respondent has taken the action sought by relator. Attached to respondent's motion is a opinion and journal entry "upon reconsideration", filed July 14, 2000, in which the trial court, citing Civ.R. 54(B) and D'Agastinov. Uniroyal-Goodrich Tire Co. (1998), 129 Ohio App.3d 281, 288, stated that it may reconsider any decision rendered in a case if no final appealable order had been made. The trial court concluded that a hearing pursuant to R.C. 2506.03 was necessary because the board did not file conclusions of fact with the transcript.[1] R.C. 2506.03 sets forth the appropriate remedy in cases when an administrative body fails to file conclusions of fact: "the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party." Gibraltar Mausoleum Corp. v. Toledo (1995), 106 Ohio App.3d 80,84; Zannieri v. Norwalk Bd. of Bldg. Zoning Appeals
(1995), 101 Ohio App.3d 737, 740. The trial court set the hearing for August 25, 2000.
Also before this court is a motion to amend the petition filed by relator on July 25, 2000 and relator's opposition to respondent's motion to dismiss filed by relator on July 27, 2000. Relator moves to amend his petition for a writ to require the trial court "to adjudicate this Case and issue a final decision immediately or grant such other relief as the Court deems appropriate." Respondent consented to and has no objection to relator's motion to amend. In his opposition to the motion to dismiss, relator argues that the action taken by the trial court, issuing a pretrial opinion with a pretrial order, is an interlocutory order and not a final order or final judgment and, therefore, that the motion to dismiss should be denied.
As noted by the Ohio Supreme Court in State ex. rel.Viox Builders, Inc. v. Lancaster (1989), 46 Ohio St.3d 144, 145:
 "To prevail in mandamus, relator must demonstrate that: (1) it has a clear right to the relief requested, (2) respondents are under a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the law. (Citation omitted.) * * *"
When a relator fails to fulfill any of these requirements, the writ will not lie. State ex rel. Taxpayers League of N.Ridgeville v. Noll (1984), 11 Ohio St.3d 190, 192.
A writ of mandamus will generally not issue to compel a court to release its decisions promptly. State ex rel. Tillimonv. Weiher (1992), 65 Ohio St.3d 468, 469-470; see, also, State exrel. Martinelli v. Corrigan (1994), 68 Ohio St.3d 362. The court in State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas
(1992), 83 Ohio App.3d 684, 686, in regard to R.C. 2701.02, stated:
 "* * * The rule may impose upon the trial court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days. Furthermore, allowing litigants to enforce such a rigid rule risks depriving other litigants of due process, invites gamesmanship in litigation, and could frustrate the policy of deciding cases on their merits and not on procedural technicalities. (Citation omitted.)"
See, also, State ex rel. Calabrese (1993), 66 Ohio St.3d 193 (rule directing a court to decide all motions within one hundred twenty days does not create a right of litigants to rulings on motions within the prescribed time.)
In the case sub judice, upon reconsideration, the trial court set this administrative appeal for hearing, pursuant to R.C.2506.03, because no conclusions of fact were filed with the transcript. R.C. 2506.03 provides that:
 "the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."
As the Ohio Supreme Court has noted: "The term `shall' usually is interpreted to render mandatory the provision containing it."State ex rel. Niles v. Bernard (1978), 53 Ohio St.2d 31, 34; see, also Dorrian v. Scioto Conserv. Dist. (1971), 27 Ohio St.2d 102, paragraph one of the syllabus. Therefore, the trial court, because the board did not file conclusions of facts with the transcript, was required by R.C. 2506.03 "to hear the appeal upon the transcript and such additional evidence as may be introduced by any party."
Furthermore, in State ex rel. Ticknor et al. v. Randall
(1949), 152 Ohio St. 129, a case in which the predecessor of R.C.2701.02 was cited in support of a petition for mandamus, the Supreme Court Of Ohio held that mandamus would not be granted to require a trial court to rule on a motion where the trial court continued the same for later determination.
Accordingly, relator cannot establish the necessary element for mandamus that the respondent has a clear legal duty to perform the requested act. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118. This court is unwilling to order a trial court to release a decision when a hearing has not yet occurred.
Accordingly, relator's motion to amend his petition for writ is granted; relator's amended petition for writ of mandamus is found not well-taken and is denied; respondent's motion to dismiss is granted. The petition for writ of mandamus is dismissed at relator's costs. It is so ordered.
Peter M. Handwork, J., James R. Sherck, J., Richard W. Knepper,P.J., CONCUR.
[1] In regard to administrative appeals, R.C. 2506.03
provides, in part:
 "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
"* * *
 "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
 "If any of these circumstances described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party." (Emphasis added.)
See, also, T.O.P. 1 Partners v. Stow (1991), 73 Ohio App.3d 24,26.