DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Common Pleas Court judgment of contempt. Susan E. Lawson, defendant below and appellant herein, assigns the following error for review:
"THE COURT BELOW ERRED IN ITS FINDING OF CONTEMPT."
This is the second appeal that involves the parties' daughter's enrollment at a particular high school. In Lawson v. Lawson (Dec. 21, 2001), Lawrence App. No. 01CA25, unreported, (Lawson I) we affirmed the trial court's August 21, 2001 judgment that required appellant, pursuant to the parties' agreement, to cause her daughter to attend St. Joseph's High School (St. Joe's). (See Lawson I for a detailed review of the underlying facts). On August 28, 2001, Ken A. Lawson, plaintiff below and appellee herein, requested the court to find appellant in contempt for her failure to comply with the trial court's August 21 order.
After the parties submitted to the trial court a "Stipulation of Facts," the court, on October 19, 2001, issued a judgment that: (1) found appellant in contempt; (2) ordered that appellant be incarcerated in the county jail; (3) gave appellant the opportunity to purge herself of contempt by enrolling her daughter at St. Joe's High School; and (4) ordered appellant to pay appellee's attorney fees. We note that the parties agree that subsequently appellant did enroll the parties' daughter at St. Joe's.
Initially, we must address a threshold jurisdictional issue. Ohio appellate courts have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution. Also see R.C. 2501.02. If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Prod. Credit Assn. v. Hedges (1993),87 Ohio App.3d 207, 210 at fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501. A trial court possesses the authority to include reasonable attorney fees as a part of costs taxable to a defendant found guilty of civil contempt. McDaniel v. McDaniel (1991),74 Ohio App.3d 577, 599 N.E.2d 758; Fry v. Fry (1989), 64 Ohio App.3d 519,582 N.E.2d 11. In the case sub judice, however, the amount of attorney fees awarded to appellee remain pending for later determination. Until the attorney fee issue is resolved, the trial court's judgment does not constitute a final appealable order. See Rose v. Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150, 96APF11-1550, unreported; Ft. FryeTeachers Assn. et al., v. Ft. Frye Local School Dist. Bd. of Ed. (1993),87 Ohio App.3d 840, 623 N.E.2d 232; Dayton Women's Health Ctr., Inc. v.Enix (1993), 86 Ohio App.3d 777, 621 N.E.2d 1262.
Accordingly, based upon the foregoing reasons, we hereby dismiss the instant appeal.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.