DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas that granted the motion to dismiss filed by appellees. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.
Appellant sets forth the following assignment of error:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT-APPELLEES' MOTION TO DISMISS.
The facts that are relevant to the issues raised on appeal are as follows. Appellant Shane Seger is a taxpayer of the city of Rossford ("Rossford") and a member of Iron Workers Local Union No. 55. Appellees are elected public officials of Rossford, including the mayor, administrator and members of the city council. In November 1999, representatives of Rossford contracted for the purchase of a steel building on Wales Road. The city then contracted with one service for foundation and other work required before the building could be erected and with another service for construction of the building.
On May 3, 2001, appellant sent a letter to the city law director, demanding that he take any and all actions necessary to bring the city into compliance with Ohio's prevailing wage law. The city responded several days later, rejecting appellant's demands and asserting that appellant did not have standing to object to or enforce a remedy for the city's alleged wrongdoings. On May 22, 2001, appellant filed a complaint for temporary, preliminary and permanent injunction and for writ of mandamus, asking the trial court to enjoin the city from any further action connected with the construction of the building until the city is fully compliant with the requirements of R.C. 4115.03. Appellant alleged in the complaint that the city failed to have the Ohio Director of Commerce determine the prevailing rates of wages for mechanics and laborers in accordance with R.C. 4115.05 and in violation of R.C. 4115.04; that the agreement between the city and the construction company failed to contain a provision requiring the company and all its subcontractors to pay the prevailing rate of wages as required by R.C. 4115.06; that the city failed to require the construction company to file an affidavit stating that the contractors and subcontractors fully complied with R.C.4115.03 to 4115.16 prior to final payment for the work, and that the city failed to appoint one of its own employees to serve as the prevailing wage coordinator during the life of the project. Appellant further alleged that he, as a taxpayer and union worker, has a special interest in making sure that the city complies with the prevailing wage law.
Alternatively, appellant requested that the trial court issue a writ of mandamus to compel appellees to perform their clear public duties as set forth in R.C. 4115.03 et seq.
Also on May 22, 2001, appellant filed a "MOTION FOR TEMPORARY RESTRAINING ORDER" against appellees asking the trial court to order them to cease and desist all acts in furtherance of the construction until they reach full compliance with the provisions of Ohio's prevailing wage law.
On May 23, 2001, the trial court held a hearing on appellant's motion for a temporary restraining order. Upon appellees' assurances that no further expenditures would be made and no further contracts sought until the matter was resolved, the trial court denied the motion and set the matter for a preliminary injunction hearing. Appellees filed a motion to dismiss, and on August 13, 2001, the trial court granted the motion. In its decision, the trial court found that appellant's standing as a taxpayer was insufficient to bring an action to restrain appellees' violation of the public duties prescribed in the prevailing wage law by means of an injunction, and that appellant's request for a writ of mandamus was moot because an investigation into the project had been instigated by the Ohio Department of Commerce to address alleged violations of the prevailing wage law. It is from that judgment that appellant appeals.
In support of his sole assignment of error, appellant first asserts that the trial court erred by applying the "interested party" test under R.C. 4115.03(F) to support its finding that he did not have standing to bring this action. Appellant asserts that he met the statutory requirements to file a taxpayer's action, which gave him standing to file the complaint.
We first note that appellant stipulated in the trial court that he was not an interested party as defined by R.C. 4115.03(F). The record shows that appellant's complaint was filed pursuant to R.C. 733.59, after the city law director declined to take action in response to the May 3, 2001 letter notifying him of the city's alleged failure to comply with the prevailing wage law and asking him to apply to a court to enjoin the city from continuing the construction project without complying with the prevailing wage laws. The law director did not make such an application. R.C. 733.59 provides that if the city law director fails to apply for an order of injunction to restrain the misapplication of funds after written request by a taxpayer, the taxpayer may institute suit in his own name on behalf of the municipal corporation. Based on the foregoing, we find that appellant met the jurisdictional and procedural prerequisites for maintaining an R.C. 733.59 taxpayer's action. Appellant was clearly entitled to initiate an R.C. 733.59 taxpayer's action. See U.S.Corrections Corporation et al. v. Ohio Department of Industrial Relationset al. (1995), 73 Ohio St.3d 210.
Appellant also argues that the trial court erred by dismissing his application for a writ of mandamus pursuant to R.C. 733.58. Based on our conclusions as set forth above, we find that appellant has an adequate remedy at law by way of R.C. 733.59 and that his request for a writ of mandamus was properly denied. See State, ex rel. Taxpayers League ofNorth Ridgeville v. Noll (1984), 11 Ohio St.3d 190.
Based on the foregoing, this court finds that appellant's sole assignment of error is well-taken as to the matter of the dismissal of his complaint and not well-taken as to the matter of the dismissal of his request for a writ of mandamus.
On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed as to the dismissal of appellant's request for a writ of mandamus and reversed as to the dismissal of appellant's complaint for temporary, preliminary and permanent injunction. This matter is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are assessed to each party equally.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.