DECISION
{¶ 1} Relator, Malek B. Aliane, seeks a writ of mandamus ordering Respondent, the Honorable Richard S. Sheward, Judge of the Franklin County Court of Common Pleas, to rule on certain motions. Relator alleges that these motions were filed in a criminal case involving relator and assigned to respondent. Relator objects to the magistrate's decision rendered April 7, 2003, recommending sua sponte dismissal of his complaint.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court dismiss relator's complaint. (Attached as Appendix A.)
 {¶ 3} The magistrate determined that the complaint fails to state a claim upon which relief may be granted because it is lacking in any factual allegations which, on their face, demonstrate that relator has a clear legal right to have the subject motions ruled upon, or that respondent has a clear legal duty to rule upon them. Specifically, the magistrate stated, "[w]ithout some allegation in the complaint as to the nature of these alleged pending motions, relator has failed to state a claim upon which relief in mandamus can be granted." (Magistrate's Decision, at 3.)
 {¶ 4} In his objections, relator argues that Sup.R. 6(A) requires that all motions be ruled upon within 120 days of the date of filing. He argues that he "has waited and continues to wait over 545 days (or roughly 18 months) and has received no rulings on the motions pending on the trial courts' dockets." (Objections, at 3.) He apparently is arguing that this rule of superintendence confers the clear legal right and gives rise to the clear legal duty the magistrate found lacking on the face of the complaint.
 {¶ 5} Sup.R. 40(A), formerly known as Sup.R. 6(A), is directory and not mandatory. State ex rel. Rodgers v. Cuyahoga Cty. Court of CommonPleas (1992), 83 Ohio App.3d 684, citing Kyes v. Pennsylvania Rd. Co.
(1952), 158 Ohio St. 362, and State ex rel. Ticknor v. Randall (1949),152 Ohio St. 129. The rule does not create a right in litigants to force a trial judge to rule on motions within 120 days. Id. "[A] court has inherent power `to regulate procedure that justice may be the result.' Recognizing a litigant's `right' to compel a judge to rule on any motion after the lapse of one hundred twenty days could undermine the court's power." Id. at 686. (Citation omitted.)
 {¶ 6} Additionally, relator failed to plead facts in his complaint with sufficient specificity for this court to determine whether the issuance of a writ of mandamus is warranted due to some egregious abuse of the trial court's power to regulate its docket. He does not state the nature of the motions upon which he seeks a ruling. Nor does he state the date of filing of any of the motions, or whether it was he or the state of Ohio that filed all or some of the motions. In mandamus, a relator must plead specific facts in order to avoid dismissal. State ex rel.Iacovone v. Kaminski (1998), 81 Ohio St.3d 189; State ex rel. Clark v.Lile (1997), 80 Ohio St.3d 220. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear; it should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165; State ex rel. Shafer v. Ohio TurnpikeComm. (1953), 159 Ohio St. 581; State ex rel. Henderson v. McCormick
(Nov. 4, 1999), Cuyahoga App. No. 77008.
 {¶ 7} When a relator seeks to compel a trial judge's ruling on a motion but fails to plead specific facts as to the nature of the motion, this omission and the corresponding uncertainty are fatal defects that alone warrant dismissal of the complaint. State ex rel. Henderson,
supra. See, also, State ex rel. Aaron v. Cleveland Municipal Court (Apr. 4, 2002), Cuyahoga App. No. 80956. Because relator herein failed to plead specific facts that facially demonstrate his entitlement to the requested relief, we agree with the magistrate's conclusion that relator's complaint should be dismissed.
 {¶ 8} Following a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own. Relator's objections to the magistrate's decision are overruled, and the complaint is sua sponte dismissed.
Objections overruled; case dismissed.
BOWMAN, J, and PETREE, P.J., Concur.
 IN MANDAMUS {¶ 9} In this original action, relator, Malek B. Aliane, requests a writ of mandamus ordering respondent Richard S. Sheward, Judge, Franklin County Court of Common Pleas, to rule on 24 unnamed motions allegedly pending on respondent's docket.
 Findings of Fact {¶ 10} 1. On August 28, 2003, relator, an inmate of the Southeastern Correctional Institution, filed this original action requesting that this court issue a writ of mandamus against respondent, the Honorable Richard S. Sheward, Judge, Franklin County Court of Common Pleas.
 {¶ 11} 2. According to the complaint: "Since October 18, 2001 there are currently (24) twenty-four pending motions on the docket that require immediate ruling as of law."
 {¶ 12} 3. The complaint fails to name or describe the nature of any of the alleged 24 motions. The complaint does suggest that the motions were filed under three criminal case numbers. The case numbers are given in the complaint.
 {¶ 13} 4. On September 25, 2002, respondent moved to dismiss this action on grounds that relator had failed to comply with the filing requirements of R.C. 2969.25(C). In the alternative, respondent moved for a more definite statement under Civ.R. 12(E).
 {¶ 14} 5. On October 3, 2002, the magistrate issued an order denying respondent's September 25, 2002 motion.
 {¶ 15} 6. On January 29, 2003, respondent moved to stay these proceedings on grounds that relator had filed a motion for disqualification against respondent with the Ohio Supreme Court.
 {¶ 16} 7. On February 5, 2003, the magistrate issued an order that stayed this action pending the decision of the Chief Justice on relator's affidavit of disqualification.
 {¶ 17} 8. On February 13, 2003, relator moved to lift the stay, attaching a copy of an entry of the Chief Justice denying relator's affidavit of disqualification.
 {¶ 18} 9. Because respondent did not oppose the motion to lift the stay, the magistrate ordered the stay lifted on March 31, 2003.
 Conclusions of Law {¶ 19} Because the complaint fails to state a claim upon which relief in mandamus can be granted, it is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.
 {¶ 20} In order for a writ of mandamus to issue, relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the acts; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 29.
 {¶ 21} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff (relator) can prove no set of facts entitling him to recovery. O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242.
 {¶ 22} The mere fact that a motion of some sort has not been ruled upon by a court since October 18, 2001, does not state a claim upon which relief in mandamus can be granted.
 {¶ 23} The magistrate is unaware of a statute or court rule that places a duty upon the common pleas court to respond by journal entry or otherwise within a definite period of time to every conceivable motion no matter what the nature of such motion may be. Without some allegation in the complaint as to the nature of these alleged pending motions, relator has failed to state a claim upon which relief in mandamus can be granted.
 {¶ 24} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action for the failure of relator to state a claim upon which relief in mandamus can be granted.
KENNETH W. MaCKE, MAGISTRATE.