[Cite as *Branscum v. Sullenberger*, 2021-Ohio-3250.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| WENDY BRANSCUM | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2020-CA-23 |
| | : | |
| v. | : | Trial Court Case No. 2017-DR-99 |
| | : | |
| SCOTT EDWARD SULLENBERGER, et al. | : | (Domestic Relations Appeal) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of September, 2021.

. . . . . . . . . . .

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

HARRY G. BEYOGLIDES, JR., Atty. Reg. No. 0018959, 130 West Second Street, Suite 1622, Dayton, Ohio 45402
      Attorney for Third Party Defendant-Appellee, Judith A. LaMusga

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiff-Appellant Wendy Branscum appeals from an order of the Champaign County Family Court, finding her in contempt and ordering her to pay attorney fees and costs. As grounds for this appeal, Branscum asserts that the court's decision was an abuse of discretion because there was no evidence the fees were reasonable and necessary and because some of the fees were incurred for expenses not related to the finding of contempt. Because we find no abuse of discretion, we affirm.

## I.     Facts and Procedural History

{¶ 2} In May 2017, Wendy Branscum filed a complaint for divorce from her husband, Scott Sullenberger. Thereafter, attorney Judith LaMusga, acting as guardian for the estate of H.H., intervened in the divorce action in order to create a constructive trust for real estate belonging to the estate of H.H. that had been acquired by Branscum. A hearing on the divorce action was held in August 2018, at which time the parties' agreement was set forth on the record. A final judgment and decree of divorce was filed on December 2018. Of relevance hereto, the decree stated:

> The parties reside in a residence located at 12893 Wolcott Rd., St. Paris, Ohio, 43072. The real estate is deeded to [Branscum] and it was purchased before the marriage by the [H.H.] Revocable Trust. The parties agree the property is to be sold and the proceeds from the sale to be placed into a Constructive Trust created by the court. The court will then transfer jurisdiction of the Trust to the Montgomery County Probate Court, which will assume jurisdiction over the issue of disbursement of the real estate

proceeds. The parties agree that is the appropriate forum to determine whether [Branscum] or [Sullenberger] are entitled to any proceeds from the real estate sale proceeds for money they invested in or otherwise expended into the real estate for improvements, liabilities, taxes, ownership, construction, etc.

* * *

[Sullenberger shall] vacate the real estate within thirty days of the filing of the Decree of Divorce. * * * [Branscum] shall cooperate with Judith LaMusga in obtaining an appraisal of the real estate, at the cost of the [H.H.] Guardianship. Thereafter, [Branscum] shall select a realtor familiar with Champaign County real estate, subject to final approval by Ms. LaMusga, to list the real estate. The parties will cooperate as necessary in executing the listing agreement. Ms. LaMusga has the right to review and approve the listing agreement.

[Branscum] and Ms. LaMusga will agree to defer to the realtor's recommendations as to list price, improvements to be made, or any other suggestions to list and sell the property at the highest obtainable price. [Branscum] will maintain the house in showing condition, will not unreasonable [sic] deny showings, and will otherwise cooperate with reasonable requests to assist in the marketing and sale of the property.

The parties will accept all reasonable offers, at the recommendation of the realtor, and reasonable offers are considered to be within five percent (5%) of the current list price. Ms. LaMusga has the right to review and

approve any offer [of] sale.

[Branscum] will vacate the residence consistent with the terms of the sale. [Branscum] may reside in the residence rent free pending the sale. She will pay all utilities and taxes and all other expenses she has historically paid.

{¶ 3} The court expressly retained jurisdiction to enforce its orders regarding the real estate.

{¶ 4} In July 2019, LaMusga filed a motion to show cause which sought to hold Branscum in contempt for failing to comply with the terms of the divorce decree as applicable to the real estate. According to the motion, Branscum refused to sign documents regarding the sale of the real estate and also instructed the realtor to take the residence off the market. During a scheduling hearing held on October 1, 2019, the parties reached an agreement requiring Branscum to sign a purchase contract she had previously refused to sign. That agreement was reduced to a written order filed on October 1, 2019.

{¶ 5} On October 7, 2019, LaMusga filed a second motion to show cause which sought to hold Branscum in contempt for failing to comply with the court's orders. The motion stated that, while Branscum had signed the purchase contract, she had altered it by making handwritten changes to the contract. Specifically, Branscum changed the purchase price from $160,000 to $205,000, and she delayed the closing date. The matter was set for a November hearing date.

{¶ 6} On October 29, 2019, LaMusga filed a motion for injunctive relief and a restraining order. In the motion, LaMusga stated that Branscum continued to refuse to

sign the appropriate documents regarding the sale of the property and that Branscum had damaged the property. The following day, the court granted the motion and ordered Branscum to maintain the house, to cause no more damage thereto, and to cease removing fixtures. The court's decision authorized LaMusga to sign documents extending the listing contract and the offer of purchase made by potential buyers. The court's decision ordered the closing to take place "as soon as possible after the November 13, 2019 Show Cause Hearing but no later than December 5, 2019." Branscum was ordered to vacate the premises prior to the closing, to sign all closing documents, and to present the keys to the premises at the closing.

{¶ 7} On November 22, 2019, the court filed a decision stating, in pertinent part, as follows:

The Court met with counsel for the parties on November 20, 2019, in lieu of a pretrial hearing on [LaMusga's] Motion for Contempt filed October 7, 2019.

IT IS ORDERED AS FOLLOWS:

1. Plaintiff Wendy Branscum is to pay the following prior to closing;

- A Certificate of Judgment from Portfolio Recovery Associates, LLC in the amount of $1,065.58;

- Delinquent taxes to be computed as of the closing date. The delinquent taxes as of November 20, 2019, were in the approximate amount of $7,194.70. The final amount is to be computed at closing and paid by Plaintiff, Wendy Branscum. According to the Final Judgment and Decree of Divorce, Plaintiff Wendy Branscum is to pay all utilities and taxes.

- All utilities to be calculated as of the closing date.

2. For the closing date of November 27, 2019, Plaintiff Wendy Branscum shall do the following:

- At 1:00 p.m. on November 27, 2019, Plaintiff Wendy Branscum is to permit the purchasers and their agent into the house located at 12893 Wolcott Road, Saint Paris, Ohio, to be inspected to meet requirements.

- At 3:00 p.m. on November 27, 2019, Plaintiff Wendy Branscum is to appear * * * for the closing.

- Plaintiff Wendy Branscum shall sign the deed. If she does not, then Attorney Judith A. LaMusga may sign the deed.

{¶ 8} The court's order also continued the hearing on the motion for contempt to December 11, 2019. Subsequent orders continued the hearing to January 2020.

{¶ 9} On January 2, 2020, the court filed a journal entry noting that the closing on the sale of the property had occurred. On January 6, 2020, the court filed a journal entry noting that the closing proceeds of $140,046.17 had been deposited with the court. The entry ordered the clerk to distribute a check for the proceeds to the Montgomery County Probate Court.

{¶ 10} On January 31, 2020, LaMusga filed a third motion to show cause, which sought to hold Branscum in contempt for failing to pay the certificate of judgment and delinquent taxes as required by the order filed November 22, 2019. LaMusga stated those monies had to be paid from the closing costs due to Branscum's failure to abide by the terms of the order. The motion requested the court to order Branscum to reimburse the estate of H.H. for those costs. LaMusga also asked for an order requiring Branscum

to pay attorney fees and out of pocket expenses incurred by reason of Branscum's failure to comply with the orders of the court. An invoice for fees and costs was appended to the motion.

{¶ 11} A hearing was conducted on August 4, 2020, at which time Branscum admitted that she was in contempt for failing to comply with the order of November 22, 2019. The court then heard LaMusga's testimony on the issue of fees and expenses. LaMusga sought $8,600 in fees[1] and $982.02 in costs. Following the hearing, the court found Branscum in contempt and ordered her to reimburse the estate for the delinquent taxes and certificate of judgment payments made by the estate. The court also awarded the sum of $6,482.20 in attorney fees and expenses. The court's decision did not differentiate between the amount of fees and the amount of expenses awarded, and it did not set forth any findings of fact or conclusions of law regarding the fees and expenses. Neither party filed a motion requesting findings of fact or conclusions of law.

{¶ 12} Branscum appeals.

## II.     Analysis

{¶ 13} Branscum's first and second assignments of error are as follows:

THE TRIAL COURT ERRED BY AWARDING ATTORNEY FEES AND EXPENSES FOR MATTERS UNRELATED TO APPELLANT'S ADMISSION OF CONTEMPT.

THE ATTORNEY FEES AND EXPENSES AWARDED WERE

---

[1] The attorney fees itemized on the invoice totaled $9,000, but at the hearing, LaMusga acknowledged a typographical error in her hourly rate for one of the entries. Adjusting for this error, the amount sought for attorney fees was $8,600.

UNREASONABLE, UNJUSITIFED [SIC], AND NOT SUPPORTED BY EVIDENCE.

{¶ 14} In this appeal, Branscum does not challenge the court's finding of contempt against her, but she contests the award of attorney fees and expenses. She notes that the claim for fees and expenses related back to fees and expenses incurred as early as May 30, 2019. Branscum thus asserts the "vast majority of attorney fees and expenses awarded by the trial court were unrelated to the contempt to which [she] admitted." She further claims that LaMusga failed to present evidence to support a finding that the fees were reasonable and necessary.

{¶ 15} A court may hold a party in contempt where that party fails to comply with a lawful judgment or court order. R.C. 2705.02. In conjunction, a trial court has the discretion to assess reasonable attorney fees as part of the costs against a defendant found guilty of civil contempt. *Planned Parenthood v. Project Jericho*, 52 Ohio St.3d 56, 67, 556 N.E.2d 157 (1990). An appellate court will not reverse the trial court's determination of reasonable attorney fees absent an abuse of discretion. *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991). An abuse of discretion occurs when the trial court's attitude is unreasonable, arbitrary or unconscionable. *Miller v. Miller*, 12th Dist. Butler No. CA2001-06-138, 2002-Ohio-3870, ¶ 8.

{¶ 16} "An award of attorney fees must represent reasonable compensation for necessary legal services rendered, and the amount is a matter within the court's sound discretion." *Dayton Women's Health Ctr., Inc. v. Enix*, 86 Ohio App.3d 777, 780, 621 N.E.2d 1262 (2d Dist.1993). "Some of the factors to be considered in determining the

amount of attorney fees to be awarded include: (1) the time and labor involved in maintaining this litigation, (2) the novelty, complexity, and difficulty of the questions involved, (3) the professional skill required to perform the necessary legal services, (4) the experience, reputation, and ability of the attorneys, and (5) the miscellaneous expenses of this litigation." *Id.*, quoting *State ex rel. Montrie Nursing Home v. Creasy*, 5 Ohio St.3d 124, 449 N.E.2d 763 (1983).

{¶ 17} We begin by noting that the domestic relations court did not, as asserted by Branscum, award all of the fees requested on the invoice submitted with the motion to show cause. Indeed, the invoice set forth fees in the amount of $8,600 and expenses in the amount of $982.02 for a total reimbursement request of $9,582.02. As set forth above, the court awarded the sum of $6,482.02, representing both fees and expenses, without any differentiation between the two.

{¶ 18} The facts of this case demonstrate that Branscum has failed, since the date of the divorce decree, to comply with the court's orders regarding the sale of the real estate. Indeed, the record demonstrates that she intentionally attempted to derail the sale. A review of the invoice submitted by LaMusga leads us to conclude the trial court did not abuse its discretion regarding the amount of fees and expenses awarded.[2] The trial court concluded, and we agree, that approximately $3,000 of the requested fees and expenses were not related to the November 22, 2019 contempt finding. Moreover, based upon LaMusga's invoice and our review of the record, the domestic relations court correctly determined the fees and expenses which related to actions required to institute,

---

[2] By our calculation, the divorce court could have awarded slightly more in fees than it did.

prosecute, and enforce the November 22, 2019 contempt order.

{¶ 19} We next turn to Branscum's claim that the evidence did not support a finding that the fees and expenses were reasonable and necessary. We note LaMusga testified that her usual customary fee was $200 per hour and that the fees and expenses were accrued by reason of Branscum's failure to aid in, and her interference with, the sale of the property. While the court did not set forth the basis for its calculation, Branscum has not directed this court's attention to anything in the record which demonstrates that the trial court failed or refused to consider the already-noted factors that a court should consider when making an attorney fee award. In the absence of evidence to the contrary, we must presume the trial court considered them.

{¶ 20} Based upon the facts in this record, we conclude that the domestic relations court did not abuse its discretion with regard to the award of attorney fees and attendant expenses. Accordingly, Branscum's assignments of error are overruled.

### III.    Conclusion

{¶ 21} Both of Branscum's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Michael T. Columbus
Harry G. Beyoglides, Jr.
Scott Edward Sullenberger
Hon. Brett A. Gilbert