McDANIEL, Appellant,

v.

McDANIEL; Mt. Sinai Medical Center, Appellee.

[Cite as *McDaniel v. McDaniel* (1991), 74 Ohio App.3d 577.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60860.

Decided June 17, 1991.

*Eugene S. Bayer,* for appellant.

*Hahn Loeser & Parks, John E. Schoonover* and *Andrew S. Pollis,* for appellee.

*Per Curiam.*

Plaintiff Debra McDaniel appeals from the order of the trial court which dismissed her motion for an order directing Mt. Sinai Medical Center, her former husband's employer, to show cause why it should not be held in contempt of court for failing to promptly forward child support payments to the Bureau of Support. We reverse and remand.

## I

Pursuant to a judgment entry filed on April 12, 1989, plaintiff and Alvin McDaniel were granted a divorce and Alvin was ordered to pay child support for the parties' two minor children. A wage order, entered pursuant to this entry, in turn directs Mt. Sinai Medical Center (hereafter referred to as "Mt. Sinai"), Alvin's employer, to withhold child support payments from Alvin's earnings then "forward [this] amount IMMEDIATELY UPON WITHHOLDING, to the Bureau of Support. * * *"

On July 26, 1990, plaintiff filed a motion to show cause, seeking to hold Mt. Sinai in contempt of court upon Mt. Sinai's alleged delays, of up to forty-three days, in forwarding sums withheld to the Bureau of Support. Concomitantly, Debra sought $250 in attorney fees.

On September 20, 1990, Mt. Sinai moved to dismiss the motion to show cause, asserting that attorney fees are not recoverable pursuant to R.C. 3113.213.

On October 15, 1990, the trial court dismissed plaintiff's motion to show cause, and plaintiff now appeals.

## II

In her two related assignments of error, plaintiff asserts that the trial court erred in dismissing her motion because Mt. Sinai did not timely transmit Alvin's withholdings, and because attorney fees are recoverable in actions of this nature.

As to the nature of contempt of court, we note that:

" '[C]ontempt of court' [is] 'disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.' " (Citation omitted.) *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363.

" '[T]he purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice.' * * * The primary interest involved in a contempt proceeding is the authority and proper functioning of the court * * *." (Citation omitted.) *Id.*

While R.C. 2705.05 sets forth the penalties for contempt of court, a court may, pursuant to its inherent powers, punish a contemptuous refusal to comply with its orders, without regard to the statutory penalties. See *Olmsted Twp. v. Riolo* (1988), 49 Ohio App.3d 114, 116–117, 550 N.E.2d 507, 509–510. Moreover, a trial court may within its discretion include attorney fees as part of the costs taxable to a defendant found guilty of civil contempt. *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 67, 556 N.E.2d 157, 168. Thus, while R.C. 3113.213 establishes the penalties which may be imposed upon, *inter alia,* an employer's failure to "withhold," or "notify" as required, this statute does not limit a trial court's inherent or discretionary powers to determine if a party is in contempt of court and to punish for that contempt.

In light of the foregoing, we hold that the trial court erred in dismissing plaintiff's motion to show cause, and in determining that attorney fees are not authorized in this instance.

Judgment reversed, and cause remanded for further proceedings on plaintiff's motion.

*Judgment accordingly.*

MATIA, P.J., JOHN F. CORRIGAN and ANN MCMANAMON, JJ., concur.