OPINION
This is an appeal from an order of the Domestic relations Division of the Court of Common Pleas adopting the decision of its magistrate over the objections of Defendant-Appellant, Michael D. Loveless, and in addition ordering Loveless to pay Patterson's attorneys fees.
Pamela Patterson obtained an ex parte civil protection order against Michael Loveless on June 1, 2000. On June 14, 2000, Loveless and Patterson executed a consent agreement in settlement of Patterson's claim. One provision of their agreement required Loveless to return the keys to Patterson's 1996 Jeep Cherokee.
Patterson subsequently filed charges in contempt on July 19, 2000, alleging that Loveless had failed to return her keys. The matter was referred to a magistrate, who conducted hearings on August 1, 2000. The magistrate entered a decision, which was provisionally adopted by the court subject to objections on August 4, 2000.
The decision found Loveless in contempt. He was ordered to return the keys to Patterson or pay her $770, which the magistrate had found was the cost of re-keying the vehicle. A ten-day jail sentence was also imposed, but suspended on condition that Loveless either return the keys or pay Patterson $770, as the court had ordered.
Loveless filed timely objections pursuant to Civ.R. 53(E)(4)(c). The trial court granted him 40 days to file a transcript of the proceedings before the magistrate. No transcript was filed within that time. Therefore, on November 17, 2000, the court overruled Loveless' objections. It also ordered him to pay Patterson's attorney fees in the amount of $350. The court's order provided that Loveless could avoid the ten days jail time by complying with all the requirements imposed on him. The court ordered Loveless to report to jail on November 3, 2000, should he fail to comply with the court's orders. An amended order requiring Loveless to report on December 8, 2000 was subsequently filed. Loveless filed a notice of appeal from that order on December 6, 2000.
Our appellate file contains a transcript of the August 1, 2000 proceedings before the magistrate. The transcript was filed by Defendant-Appellant Loveless on January 22, 2001, after we granted him leave of court to file it. The record does not indicate why that leave was granted, other than that Loveless intended to file the transcript.
The transcript was not before the trial court when its final judgment was entered. Per App.R. 9(A), the transcript is not a part of the record on appeal from that decision. We are limited to the record that was before the trial court in reviewing the error assigned. App.R. 12(A)(1)(b). We cannot add to it for that purpose. State ex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287; State v. Ishmael (1978),54 Ohio St.2d 402. Therefore, and notwithstanding our previous accommodation of Loveless' desire to have a transcript filed, we may not consider the transcript to the extent that it was not before the trial court when the court overruled Loveless' objections and adopted the magistrate's decision.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING THE OBJECTIONS TO THE MAGISTRATE'S DECISION.
Loveless argues that Patterson failed to bear her burden of proof before the magistrate, and by extension that the trial court erred when it overruled his objections to the magistrate's decision in that regard.
The trial court, citing prior decisions of this court regarding the standards for an appellate court's review of a trial court's decision on a manifest weight of the evidence challenge, stated that it is bound by law to accept the findings of fact in the magistrate's decision. It is not.
The magistrate is but an arm of the court, not an independent tribunal to whose decisions the court is required to defer. Civ.R. 53(E)(4)(a) states that the court "may adopt the magistrate's decision if no written objections are filed." If objections are filed, per Civ.R. 53(E)(4)(b) the court must rule on the objections and then "may adopt, reject, or modify the magistrate's decision." Both provisions are discretionary, permitting but not requiring the court to adopt the magistrate's decision. Formerly, the court was required to perform an independent review of the magistrate's recommendation. (Rule 53(E), 1995 Staff Note.) Deletion of that provision did not convert the magistrate to an independent tribunal to whose decisions the trial court, as a superior court, is required to defer in the review it performs. The proper standard of review for the trial court to apply is a plenary standard.
In any event, it seems clear that the court overruled Defendant-Appellant's objections that the magistrate's findings were mistaken because Defendant-Appellant had failed to file a transcript of the proceedings before the magistrate. Absent that transcript, there was nothing in the record to exemplify his claim. The trial court was not required to follow that course; it could have conducted additional hearings of its own. However, the court could follow the course that it did, and there is no basis in the record that was before the court from which we can find that the court abused its discretion in so doing.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY ATTORNEY FEES TO APPELLEE WHEN BOTH PARTIES APPEARED PRO SE.
The magistrate's decision, which the trial court provisionally adopted per Civ.R. 53(E)(4)(c), imposed no requirement concerning attorney fees. In its judgment overruling Defendant-Appellant's objections, the trial court also awarded Patterson interim attorney fees in the amount of $350, citing Mont.Loc.R. 4.34(F). That rule, which is founded on the authority granted domestic relations courts by R.C. 3105.18(H), provides that "interim attorney fees may be awarded to allow an economically disadvantaged party to be adequately represented, or to adequately represent the interests of a minor child."
Local rules of court are procedural, not substantive. They may not be employed to determine substantive rights. Woloch v. Foster (1994),98 Ohio App.3d 806. Therefore, in order to award attorney fees pursuant to Mont.Loc.R. 4.34(F), the court may not rely on the terms of the rule alone. The record must support the finding. The court may award nominal fees to a party who is represented, without proof of the reasonableness of the amount awarded. However, that same principle does not support an award of attorney fees to a party who is unrepresented, and therefore has incurred no obligation to pay an attorney.
There may be some question whether Mont.Loc.R. 4.34(F), as written, applies to enforcement of civil protection orders in cases involving parties who are not married and never were. However, we need not reach that issue. We agree with Loveless that Patterson, because she appeared pro se, cannot reasonably be entitled to attorney fees.
R.C. 3113.21(L)(1)(b) authorizes a court to punish a violation of a civil protection order or a consent agreement as contempt of court. Attorneys fees may be awarded as costs of the action to a party who successfully prosecutes charges in contempt. McDaniel v. McDaniel (1991), 74 Ohio App.3d 577; Fry v. Fry (1989), 64 Ohio App.3d 519. Nevertheless, the fees must be incurred, as well as reasonable in amount.
Patterson states in her appellate brief that she had consulted an attorney. However, she does not state whether she paid the attorney or, if so, what the fee was. There was no evidence of that before the trial court when it ordered Loveless to pay Patterson $350 as and for attorney fees. In view of that, and the fact that Patterson was not represented by an attorney, the court's order was wholly arbitrary. That defect is not avoided by reliance on Mont.Loc.R. 4.34(F).
The second assignment of error is sustained.
 THIRD ASSIGNMENT OF ERROR THE COURT ERRED IN ACCEPTING APPELLEE'S REQUEST FOR $770.00 TO RE-KEY THE LOCKS TO HER VEHICLE WITHOUT ANY FURTHER EVIDENCE OF THE COST OF THE PROCEDURE.
Loveless argues that he could not refute Patterson's testimony that an auto dealer would charge her $770 to re-key her vehicle because he had returned the key to her and, as a result, was surprised by her testimony. The magistrate elected to disbelieve Loveless' claim that he'd returned the key, stating that she "does not find (Loveless') version of the events to be credible."
Loveless should have anticipated the possibility that the magistrate might disbelieve him. He cannot claim that he was prejudiced by his own failure to do that. He could have tried to protect himself from surprise through discovery. He might also have made a timely objection to any hearsay testimony that Patterson offered. So far as we know from this record, he did neither. Loveless did object to the trial court that the magistrate should have believed him instead of Patterson. However, lacking a transcript, the trial court was unable to pass on that claim.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE COURT'S DECISION TO SENTENCE APPELLANT TO A 10 DAY JAIL TERM IS AN ABUSE OF DISCRETION.
Loveless argues that he, not Patterson, was the true victim of their love affair, which culminated in the civil protection order and the proceedings that have ensued from it. The court did not impose a sentence to punish Loveless for his conduct toward Patterson. It imposed the sentence to punish him for failing to obey the court's order to return Patterson's key or pay her $770 to obtain a new one.
Disobedience of a lawful court order is contempt. R.C. 2705.02(A). The court was authorized to punish Loveless' contempt with a term of imprisonment of up to ten days in jail. R.C. 2705.05(A)(1). No error or abuse of discretion is demonstrated by the ten day sentence the court imposed.
The fourth assignment of error is overruled.
 Conclusion
The judgment from which this appeal was taken will be modified to vacate the award of attorney fees. Otherwise, the judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.