JOURNAL ENTRY AND OPINION
In this appeal, plaintiff-appellant Maria Matta, fka Granger ("plaintiff") claims that the trial court erred in failing to adopt the magistrate's decision that ordered the defendant-appellee Paul Granger ("defendant") to pay her attorney fees. For the reasons that follow, we reverse and remand
On July 12, 2001, the parties were divorced.
On December 31, 2002, plaintiff was granted a domestic violence civil protection order which ordered the defendant to stay away from the plaintiff and their two children and ordered him to submit to a psychological evaluation.
On February 10, 2003, plaintiff filed a motion to show cause and for attorney fees for defendant's failure to obtain the psychological evaluation. A hearing on this motion was conducted on March 18, 2003.
On March 24, 2003, the magistrate issued her decision and found defendant in contempt for his refusal to obtain the psychological evaluation. The magistrate also awarded plaintiff $1,128.50 in attorney fees.
On June 10, 2003, defendant filed objections to the magistrate's decision. On November 17, 2003, the trial court overruled the objections and adopted the magistrate's decision as to the finding of contempt but reversed the award of attorney fees. Specifically, the trial court noted the following:
"The Court lacks statutory authority to award attorney fees on a show cause for domestic violence order except as authorized in Ohio Revised Code Section 3113.31(K)."
It is from this order that plaintiff now appeals[1] and raises the following assignment of error:
"I. The trial court erred as a matter of law in finding it had no jurisdiction to award attorney fees for contempt of a domestic violence protection order issued under R.C. 3113.31."
Pursuant to R.C. 3113.31(L)(1)(b), a person who violates a domestic violence protection order may be subject to a finding of contempt. A trial court may exercise its discretion to impose any sanction that is reasonable in light of the contemptuous conduct.McDaniel v. McDaniel (1991), 74 Ohio App.3d 577, 579.
Generally, a prevailing party is not entitled to recover attorney fees in the absence of a statutory provision.[2]Sorin v. Board of Ed. of Warrensville Heights School Dist.
(1976), 46 Ohio St.2d 177, 179. However, an exception to this rule allows a trial court to award attorney fees when the defendant is found guilty of civil contempt. Planned ParenthoodAss'n of Cincinnati, Inc. v. Project Jericho (1990),52 Ohio St.3d 56, 67; Franklin Township v. Meadows (1998),130 Ohio App.3d 704, 713, citing McDaniel v. McDaniel, supra; Fry v.Fry (1989), 64 Ohio App.3d 519, 523; Buckler v. Buckler (Dec. 31, 1992), Pickaway App. No. 92-CA-19.
Here, defendant was found guilty of contempt. Accordingly, the trial court erred in determining that attorney fees were not authorized in this instance.
Plaintiff's sole assignment of error is sustained.
Judgment reversed, and cause remanded for further proceedings on plaintiff's motion.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and McMonagle, J., Concur.
[1] The defendant has failed to file a brief in this appeal.
[2] This is known as the "American Rule."