[Cite as *Kapadia v. Kapadia*, 2012-Ohio-808.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96910**

# DARSHAN DILRANJAN KAPADIA

PLAINTIFF-APPELLEE

vs.

# SALLY SAAD KAPADIA

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-306907

**BEFORE:** Rocco, P.J., E. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 1, 2012

**ATTORNEYS FOR APPELLANT**

L. Bryan Carr
Leonard F. Carr
The Carr Law Firm
1392 S.O.M. Center Road
Mayfield Heights, Ohio 44124

**ATTORNEYS FOR APPELLEE**

Joseph G. Stafford
Gregory J. Moore
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114

KENNETH A. ROCCO, P.J.:

**{¶1}** Defendant-appellant Sally Saad Kapadia appeals from a domestic relations ("DR") court order finding her in contempt for failing to pay plaintiff-appellee Darshan Dilranjan Kapadia[1] $204,990.13 toward a court-ordered division of property, and sentencing her to 30 days in jail for the contempt; the DR court stated Sally could purge her contempt by (1) paying appellee $39,990.13 within 14 days of the court's order, and (2) paying appellee $8,700 toward his attorney fees within 14 days of the court's order.

**{¶2}** The first issue this court must consider is Darshan's motion to dismiss this appeal. Darshan argues the contempt order should not be reviewed on two grounds.

**{¶3}** Darshan initially contends that the DR court's order is not final and appealable because the court did not impose sentence. However, the DR court did impose a sentence, viz., 30 days in jail. The DR court ordered Sally to serve this sentence if she did not purge her contempt by making the required payments. Although some other districts might hold that such an order is not final because the appellant was not yet actually required to serve the sentence, this district has found otherwise. *Abernethy v. Abernethy*, 8th Dist. No. 92708, 2010-Ohio-435, ¶ 36.[2]

---

[1] Hereinafter, the parties are referred to by their first names.

[2] Some other districts have held that a contempt order is not appealable until the sentence of imprisonment is actually imposed. In those districts, a contempt order is appealable only *after* the appellant fails to comply with the purge order *and* the court actually imposes sentence. *See, e.g., In re Estate of Sheehan*, 11th Dist. No. 2007-G-2774, 2007-Ohio-2571.

{¶4} The instant case is distinguishable from the cases Darshan cites precisely because the contempt order herein includes a sentence. *Cf., Cooper v. Cooper*, 14 Ohio App.3d 327, 471 N.E.2d 525 (8th Dist.1984); *Chain Bike v. Spoke 'n Wheel, Inc.*, 64 Ohio App.2d 62, 410 N.E.2d 802 (8th Dist.1979). Similarly, Darshan's citation to this court's summary dismissal of the appeal in *Bawab v. Bawab*, 8th Dist. No. 92787 (May 19, 2009), has no precedential weight because neither the facts of that case nor the basis for the panel's decision can be discerned from its order.

{¶5} Pursuant to R.C. 2705.09, "[t]he judgment or order of a court or officer made in cases of contempt may be reviewed on appeal." A "final order in contempt of court proceedings" requires "both a finding of contempt and the imposition of a sentence or penalty. The mere adjudication of contempt of court is not a final appealable order until a sanction or penalty is also imposed." *Abernethy v. Abernethy*, 8th Dist. No. 92708, 2010-Ohio-435, ¶ 36. In this case, the DR court's order sentences Sally to a jail term unless she purges her contempt by making certain payments; therefore, it constitutes an appealable order under the statute.

{¶6} Darshan also contends that this appeal is moot because appellant has paid the amounts the court required to purge the contempt. "Exhibit B" attached to Darshan's motion indicates that Sally made one of the two ordered purge payments before the contempt judgment was entered.

**{¶7}** The docket of this case, however, shows that Sally did not make the second payment until after she filed this appeal and after both the domestic relations court and this court denied her motion for a stay pending appeal. Under these circumstances, Sally's payment cannot be considered voluntary and, therefore, does not waive her right to appeal the DR order. *Janosek v. Janosek*, 8th Dist. Nos. 86771 and 86777, 2007-Ohio-68, ¶ 124; *see also Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278.

**{¶8}** Based upon the foregoing, Darshan's motion to dismiss this appeal is denied, and this court will proceed to the merits of the case.

**{¶9}** Sally presents three assignments of error in challenging the DR court's order that found her in contempt. She argues that the DR court should not have adopted the magistrate's decision because the evidence presented at the hearing did not support a finding that Sally was in contempt of court. Sally also argues an $8,700.00 award to Darshan in attorney fees was neither based upon the evidence nor proper as a "purge" condition.

**{¶10}** Having reviewed the record with Sally's arguments in mind, this court finds that none has merit. Consequently, Sally's assignments of error are overruled. The DR court's order is affirmed.

**{¶11}** This is the second time this court has addressed issues arising from the parties' divorce. In *Kapadia v. Kapadia*, 8th Dist. No. 94456, 2011-Ohio-2255

("*Kapadia I*"), Sally challenged aspects of the DR court's divorce decree with respect to the valuation and division of property and her payment schedule. This court considered Sally's arguments, but affirmed the DR court's decree. The relevant portions of *Kapadia I* are set forth as follows.

Darshan and Sally were married on June 5, 1993 and have one child born as issue of the marriage. From 1993 to 1995, the parties enjoyed a modest lifestyle. Darshan worked for the Cleveland Metropolitan Housing Authority and Sally worked at her parents' convenient store. On April 1, 1995, the parties' daughter, Anjani was born. That same year, Sally became involved as an investor with Charley's Grilled Subs * * * [,] primarily owned by Charley M. Shin. Sally was a fifty percent owner with her mother, Janette Saad in Anjani Inc., the entity that owned and operated the Great Northern Mall store.

On October 30, 1996, Sally entered into an operating agreement with Charley Shin and invested in Anjani II, Ltd., for a Charley's Grilled Subs store in Summit Mall. The agreement entitled Sally to a 40% member interest, 50% of the cash flow and 40% of extraordinary items, bringing her income to $11,000 per month. Sally worked as a consultant and oversaw the general operations of all the franchise locations, the numbers of which continued to grow over the years. By 2005, Sally was a part owner of thirteen Charley's Grilled Subs stores. * * * Darshan * * * became employed by Satyam Technologies, where he continued to work through trial. Darshan also worked part time at the Great Northern Mall franchise whenever needed.

In 2005, the parties separated and Sally vacated the marital home. Prior to the time of the parties' separation, the couple maintained an upper class standard of living. They lived in an affluent community in an above-average priced home and enjoyed vacations in the United States, Canada, India, Mexico, and Europe.

On September 20, 2005, Darshan filed a complaint for divorce * * *

The parties entered into a shared parenting plan on August 17, 2007 * * *.

* * *

In outlining the final division of property, the Magistrate found as follows:

| Asset/Debt | Plaintiff | Defendant |
|---|---|---|
| Real estate | $287,553.00 | |
| Anjani II | | $1,020,600.00 |
| Sales proceeds Anjani I | | $81,839.00 |
| Capital gains/income 2006–07 | | $665,035.00 |
| Distributions 2008 | | $115,000.00 |
| Defendant's Cashier's check | | $14,000.00 |
| Loan to Plaintiff's brother | $19,000.00 | |
| TOTAL | $306,553.00 | $1,896,474.00 |
| GRAND TOTAL | | $2,203,027.00 |
| ONE HALF SHARE | | $1,101,513.50 |
| Plaintiff's share to equalize | $794,960.50 | |
| Distributive award to Plaintiff | $75,000.00 | |
| TOTAL | $869,960.50 | |
| Less property division funds held by Plaintiff's attorney | | $50,000.00 |
| DEFENDANT'S PAYMENT TO PLAINTIFF | $819,960.50 | |

The trial court adopted the Magistrate's findings and ordered Sally to pay to Darshan "$819,960.50 in annual installments as follows: (a) $204,990.13 on March 1, 2010 and March 1, 2011; and (b) $204,990.12 on March 1, 2012 and March 1, 2013."

* * * .

* * * [O]ur review of the trial court's judgment entry leads us to conclude that the trial court fashioned its order to protect the parties' interests in the various assets, and to sever those interests in a proper manner. We find that the payment schedule as set out by the trial court is not unreasonable, arbitrary, or capricious.

**{¶12}** In *Kapadia I*, this court thus affirmed Sally's payment schedule. However, due to a problem with the finality of the divorce decree, the decision in *Kapadia I* was not issued until May 12, 2011.

**{¶13}** During the time the appeal in *Kapadia I* was pending, therefore, Sally's first installment of the property-division payment to Darshan under the divorce decree had come due. Rather than paying the installment, Sally filed several motions in the DR court. Darshan responded on April 8, 2010, by filing a motion to show cause; he sought an order from the DR court finding Sally in contempt for failing to make the first scheduled payment. Darshan requested an award of attorney fees in pursuing the matter.

**{¶14}** The record reflects Sally's motions were subsequently resolved. In August 2010, Sally paid Darshan $60,000 on the outstanding amount. She made another $25,000 payment in October 2010.

**{¶15}** Darshan's motion to show cause proceeded to a hearing before a magistrate that began on October 28, 2010 and concluded on January 21, 2011. In December 2010, before the hearing concluded, Sally made a third payment of $80,000 to Darshan.

**{¶16}** The magistrate issued her report on April 4, 2011. While acknowledging that Sally made three partial payments on the March 1, 2010 installment of the property division payment due under the divorce decree, the magistrate nevertheless granted Darshan's motion to show cause, and held Sally in contempt of court.

{¶17} The magistrate found that Sally's testimony, in which she claimed that she did not have the financial ability to pay Darshan, was not credible. The magistrate based this finding on several facts. First, Sally was able to make a lump sum tuition payment of $25,000 in May 2010 to the parties' child's private school. Second, Sally appeared to have the same partnership interest in the business that she had at the time of the divorce decree. Third, Sally did not make any effort to corroborate her testimony with any tax returns or financial statements.

{¶18} The magistrate also found that Darshan was entitled to an award of attorney fees for prosecuting the motion to show cause. However, he was not entitled to an award "of all attorney fees and expenses incurred since the divorce was finalized." Based upon a review of his attorneys' fee statement, the magistrate determined Darshan was entitled to $8,700.00.

{¶19} The magistrate sentenced Sally to 30 days in jail, but permitted Sally to purge her contempt by: (1) paying Darshan the remaining amount due on the first property division payment, viz., $39,990.13, and (2) paying Darshan $8,700.00 toward his attorney fees; both were to be made within 14 days of the DR court's journalization of the contempt finding.

{¶20} Sally filed objections to the magistrate's decision. A month later, the DR court issued its decision, overruling Sally's objections and adopting the magistrate's decision in its entirety.

**{¶21}** Sally's appeal of the DR court's order presents three assignments of error for this court's review.

**"I.   The trial court erred in finding Appellant in contempt of court.**

**"II.   The trial court erred in awarding attorney fees to the Appellee in the amount of $8,700.00.**

**"III.   The trial court erred in making the payment of attorney fees on a motion to show cause a 'purge condition."**

**{¶22}** In her first assignment of error, Sally argues that the DR court acted improperly in adopting the magistrate's decision and finding her in contempt.[3]   This court disagrees.

**{¶23}** Pursuant to Civ.R. 53(D)(4)(d), a trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."   The trial court must conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case.   *Kapadia*, 8th Dist. No. 94456, 2011-Ohio-2255, ¶ 9, citing *Inman v. Inman*, 101 Ohio App.3d 115, 655 N.E.2d 199 (2d Dist.1995).

---

[3]Sally makes several additional arguments in the "Statement of the Facts" and the "Standard of Review" portions of her appellate brief, but because these arguments are not made in compliance with App.R. 16(A), this court will not address them.   App.R. 12(A)(2).

{¶24} A trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Gobel v. Rivers*, 8th Dist. No. 94148, 2010-Ohio-4493, ¶ 16. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable, not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "Abuse of discretion" is thus a term of art that describes a judgment comporting neither with the record nor reason. *See, e.g., State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

{¶25} "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Comm. Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion also may be found when the trial court either "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶26} This court also reviews a contempt finding under an abuse of discretion standard. *In re Contempt of Modic*, 8th Dist. No. 96598, 2011-Ohio-5396, at ¶ 7, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). Contempt is defined as a disregard of, or disobedience to, an order or command of judicial authority. *State v. Flinn*, 7 Ohio App.3d 294, 455 N.E.2d 691 (9th Dist.1982).

**{¶27}** This case does not meet the test for an abuse of discretion. Sally never disputed the fact that she failed to comply with the divorce decree; rather, she asserted that she had a defense for her failure. Sally was required to establish this defense by a preponderance of the evidence. *Jeffers v. Jeffers*, 7th Dist. No. 07 BE 36, 2008-Ohio-3339, at ¶ 15, citing *Rinehart v. Rinehart*, 87 Ohio App.3d 325, 328, 622 N.E.2d 359 (3d Dist.1997).

**{¶28}** In her decision, the magistrate found Sally did not meet the burden of demonstrating her defense. The magistrate outlined her basis for making this determination, i.e., Sally had no good reason for failing to make the first installment of the property division payment to Darshan, because Sally's testimony was self-serving, lacking in credibility, and uncorroborated by any evidentiary material.

**{¶29}** The record clearly and convincingly supports the magistrate's finding. *Jeffers*, 7th Dist. No. 07 BE 36, 2008-Ohio-3339, at ¶19-20; *compare Dureiko v. Dureiko*, 8th Dist. No. 94393, 2010-Ohio-5599, 2010 WL 4684470 (no evidence of wilful intent to disobey divorce decree provisions). Although Sally claimed her financial condition made it impossible to meet the payment schedule set out in the divorce decree, she made no effort to notify the DR court of such a claim before the first installment payment came due.

**{¶30}** This court cannot substitute its judgment on matters of credibility. *Montgomery v. Montgomery*, 4th Dist. Nos. 03CA2924 and 03CA2925, 2004-Ohio-6926,

¶ 25. Because the DR court's contempt finding is supported by clear and convincing evidence in the record, Sally's first assignment of error is overruled.

{¶31} Sally argues in her second and third assignments of error that the DR court improperly ordered her to pay the attorney fees Darshan incurred in pursuing his motion to show cause as a condition for purging her contempt. Her argument is unpersuasive.

{¶32} R.C. 3105.73(B) provides:

> In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶33} In addition, a trial court may award reasonable attorney fees in post-divorce proceedings upon a finding of contempt. *McDaniel v. McDaniel*, 74 Ohio App.3d 577, 599 N.E.2d 758 (8th Dist.1991), citing *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 67, 556 N.E.2d 157 (1990).

{¶34} Under either of the above principles, this court applies an abuse of discretion standard of review on the issue of a DR court's decision to grant attorney fees. *Dureiko*, 8th Dist. No. 94393, 2010-Ohio-5599, 2010 WL 4684470, ¶ 26. No abuse of discretion occurred in this case.

{¶35} The record reflects that Sally made no effort to pay any portion of the first property division payment until six months after it was due. In the meantime, Darshan had been required to engage his attorneys to file his motion to show cause, dispute Sally's request for a stay of the case until the decision in *Kapadia I* was issued, and participate in a court conference.

{¶36} Moreover, because Sally did not pay the full amount, Darshan needed his attorneys to seek discovery, prepare a motion in limine, and prepare for and participate in the hearing on the motion. The record also supports the inference that Sally made additional payments toward the first installment only because Darshan's motion to show cause had been scheduled for a full hearing and she wished to appear in a better light when it commenced. Under these circumstances, this court cannot determine that the DR court abused its discretion in ordering Sally to pay Darshan's attorney fees as a condition of her purge. *Deacon v. Deacon*, 8th Dist. No. 91609, 2009-Ohio-2491, ¶ 79; *Fisher v. Fisher*, 5th Dist. No. 2008 CA 00049, 2009-Ohio-4739, ¶ 64.

{¶37} Accordingly, Sally's second and third assignments of error also are overruled.

{¶38} The DR court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR