[Cite as *Kapadia v. Kapadia*, 2013-Ohio-5588.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99797**

---

## SALLY SAAD KAPADIA

PLAINTIFF-APPELLANT

vs.

## DARSHAN DILRANJAN KAPADIA

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED AND REMANDED FOR RECALCULATION

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-306907

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
The Carr Law Firm
1392 S.O.M. Center Road
Mayfield Hts., OH 44124


**ATTORNEY FOR APPELLEE**

Gregory J. Moore
Stafford Law Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH 44114

TIM McCORMACK, J.:

**{¶1}** This is the third appeal in this divorce matter. In this appeal, Sally Saad Kapadia appeals from the judgment of a domestic relations court order awarding $27,719.79 in attorney fees and expenses to her ex-husband, Darshan Dilranjan Kapadia. For the following reasons, we affirm the trial court's decision to grant attorney fees but remand to the trial court for a recalculation of the amount of fees.

### The Divorce Decree and First Appeal

**{¶2}** The procedural history leading to the instant appeal is rather involved. In 2009, the marriage of the Kapadias was terminated by a divorce decree after a 23-day trial. The litigation centered around property division. Ms. Kapadia was a part owner of Charley's Grilled Subs in several malls, and her part ownership of these stores was valued at more than one million dollars.

**{¶3}** Pertinent to the instant appeal are the payments the trial court ordered Ms. Kapadia to pay her ex-husband as a part of the property division. Under the divorce decree, Ms. Kapadia is to pay $819.960.50 to Mr. Kapadia, payable in four annual installments of $204,990.13. These four installments were to be paid on March 1 of 2010, 2011, 2012, and 2013.

**{¶4}** Ms. Kapadia appealed the judgment of the trial court, and this court affirmed, on May 12, 2011. *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255 (hereafter "First Appeal").

## First Contempt Motion and Second Appeal

**{¶5}** When the first installment was due on March 1, 2010, Ms. Kapadia failed to pay fully as ordered. Mr. Kapadia filed a motion to show cause. The contempt matter proceeded to a hearing before a magistrate, which began on October 28, 2010, and concluded on January 21, 2011. The issues to be resolved at the hearing was whether Ms. Kapadia should be found in contempt and whether the court should grant Mr. Kapadia's request of attorney fees of $25,181.35.

**{¶6}** The magistrate issued a decision on April 4, 2011, and the court subsequently adopted the decision. Finding Ms. Kapadia's claim of inability to pay not credible, the trial court sentenced Ms. Kapadia to 30 days in jail, but permitted her to purge her contempt by paying the remaining balance on the first installment ($39,990.13). The court also determined that Mr. Kapadia was entitled to an award of attorney fees for prosecuting the motion for contempt. The court, however, determined Mr. Kapadia was not entitled to an award of all attorney fees and expenses incurred since the divorce was finalized. Based upon a review of his attorneys' fee bill, the trial court determined Mr. Kapadia was entitled to $8,700 in attorney fees.

{¶7} On June 9, 2011, Ms. Kapadia appealed from the trial court's judgment. On March 1, 2012, this court affirmed the trial court's decision, in *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 96910, 2012-Ohio-808 (hereafter "Second Appeal").

**Second Contempt Motion and the Instant (Third) Appeal**

{¶8} While the parties litigated over Ms. Kapadia's failure to pay the first installment, the second installment became due on March 1, 2011. Again, Ms. Kapadia failed to pay. This prompted Mr. Kapadia to file yet another motion for contempt and for attorney fees, on March 11, 2011.

{¶9} On June 5, 2012, the magistrate held a hearing over the second contempt motion and attorney fees. Mr. Kapadia submitted a fee bill that itemized fees from April 10, 2009, to March 6, 2012, for a total of $125,877.50 (393 hours), which included work on the First and Second Appeal.

{¶10} Because the second installment had been paid in full (on August 31, 2011) by the time a hearing over the motion for contempt was held, the magistrate found the motion moot. However, because Mr. Kapadia had to yet again engage his counsel to file a motion for contempt for the payment of the second installment, the magistrate awarded Mr. Kapadia attorney fees of $36,607.00 and expenses of $1,974.79.[1]

{¶11} Ms. Kapadia filed objections to the magistrate's decision. The trial court found the objections well taken in part, because it found the amount of time billed for

---

[1]Mr. Kapadia has two attorneys. The magistrate stated that the amount awarded was based on his first counsel's hourly fee of $400 before 2012 and $450 beginning in 2012, and the second counsel's hourly fee of $250.

certain services excessive. The trial court awarded fees related to the prosecution of the second motion for contempt filed on March 11, 2011 ($15,085), and fees in connection with the Second Appeal ($10,660). Including the expenses of $1,974.79, the trial court awarded $27,719.79 in fees and expenses.

{¶12} Ms. Kapadia now appeals, raising one assignment of error. She contends the trial court erred in awarding Mr. Kapadia $27,719.79 in attorney fees and expenses.

## Analysis

{¶13} This court applies an abuse of discretion standard of review on the domestic relations court's decision to grant attorney fees. *Dureiko v. Dureiko*, 8th Dist. Cuyahoga No. 94393, 2010-Ohio-5599, ¶ 26.

{¶14} R.C. 3105.73 provides for attorney fees for post-decree proceedings:

(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶15} In the Second Appeal, where the first contempt motion over the Ms. Kapadia's failure to pay the first installment was litigated, Mr. Kapadia requested

$25,181.35 in attorney fees. The trial court found he was not entitled to an award of all attorney fees and expenses incurred since the divorce was finalized, and found a portion of the requested fees ($8,700) to be reasonable.

{¶16} In the instant appeal, the magistrate found Mr. Kapadia was again required to engage counsel to file a motion for contempt and incurred attorney fees in his efforts to enforce the court order. The magistrate noted that a hearing over Mr. Kadapia's request of $25,181.35 for attorney fees relating to the first contempt motion was held on January 21, 2011, and the trial court awarded $8,700 for the prosecution of the first contempt motion, a decision affirmed by the court of appeals. The magistrate concluded, therefore, the amount of attorney fees relating to the first contempt motion was $8,700 as of January 21, 2011, the date the hearing over the attorney fees for the first contempt motion was filed. The magistrate found Mr. Kapadia was entitled to attorney fees expended after January 21, 2011, which included his work on the Second Appeal. The magistrate awarded $36,607 in attorney fees and expenses of $1,974.79.

{¶17} Upon objections to the magistrate's decision, the trial court stated it independently reviewed the fee bill and found the amount of time billed for certain services excessive. The court noted that the two attorneys working for Mr. Kapadia are at the same firm, and they often billed twice for the same work. Moreover, the court found many entries on the fee bill did not clearly relate to either the second motion for contempt or the Second Appeal.

{¶18} The trial court concluded that it would be reasonable to award attorney fees that were (1) directly related to Mr. Kapadia's prosecution of the second motion for contempt filed on March 11, 2011 ($15,085), and (2) in connection with the Second Appeal ($10,660). The trial court also awarded $1,974.79 in expenses.

{¶19} We do not find an abuse of discretion in the trial court's decision to award attorney fees in this case. This is the second time Ms. Kapadia failed to comply with the court order. As the trial court noted, Mr. Kapadia had to engage counsel again in order to obtain the property division payment. Although the second installment was paid in full by the time the hearing was held, "[d]elayed compliance before a contempt hearing does not prevent an award of attorney fees." (Citations omitted.) *Briggs v. Moelich*, 8th Dist. Cuyahoga No. 97001, 2012-Ohio-1049, ¶ 11. With each installment, Mr. Kapadia had to engage counsel and expend additional attorney fees in order to be paid. Under the circumstances, the trial court did not abuse its discretion in deciding to award attorney fees.

{¶20} However, our review of the record reflects that the award of $10,600 to Mr. Kapadia for counsel's service relating to Ms. Kapadia's appeal (from the trial court's finding of contempt and award of attorney fees of $8,700) is unwarranted. The trial court may well have the discretion to grant attorney fees relating to an appeal pursuant R.C. 3105.73(B) ("[i]n any post-decree motion or proceeding that arises out of an action for divorce * * * *or an appeal of that motion* or proceeding, the court may award all or part of reasonable attorney's fees * * *"). However, in light of the determination that

the attorney fees regarding the first motion for contempt was $8,700, an award of attorney fees of $10,660 *to defend that award* appears excessive and unreasonable.

{¶21} Furthermore, it is unclear as to how the trial court arrived at the amount of $10,660, in the absence of an itemization of the specific services relating to the appeal. For these reasons, we must remand the matter to the trial court for a redetermination of the attorney fees Mr. Kapadia is entitled to relating to the Second Appeal.

{¶22} Regarding the award of $15,085.00 for the prosecution of the second motion for contempt, we note that the attorney fees for the first motion for contempt had been determined to be $8,700 as of January 21, 2011 (the date the hearing over that motion was held). The second installment motion was due March 1, 2011, and Ms. Kapadia's failure to pay necessitated the filing of the second contempt motion and triggered a new round of litigation. As such, Mr. Kapadia is only entitled to fees incurred *after* March 1, 2011. Upon remand, the trial court should deduct any fees billed between January 21, 2011 and March 1, 2011, to properly reflect the fees incurred by Mr. Kapadia relating to the second installment.

{¶23} For these reasons, we affirm the trial court's decision to award Mr. Kapadia attorney fees but remand for a recalculation of the amount of fees he is entitled to.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR