[Cite as *Kapadia v. Kapadia*, 2014-Ohio-5554.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101460**

**DARSHAN DILRANJAN KAPADIA**

PLAINTIFF-APPELLEE

vs.

**SALLY SAAD KAPADIA**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED AND
REMANDED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-05-306907

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

-i-

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
1392 SOM Center Rd.
Mayfield Heights, Ohio 44124

**ATTORNEY FOR APPELLEE**

Joseph G. Stafford
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Sally Saad Kapadia appeals from the trial court's order to pay attorney fees and expenses totaling $24,284.79 to plaintiff-appellee Darshan Dilranjan Kapadia. For the following reasons, we affirm in part, and reverse and remand in part, the trial court's final judgment.

{¶2} This is the fourth time this case has come before this court on appeal. In the last appeal, we set forth the background of the case as follows:

**The Divorce Decree and First Appeal**

The procedural history leading to the instant appeal is rather involved. In 2009, the marriage of the Kapadias was terminated by a divorce decree after a 23-day trial. The litigation centered around property division. Ms. Kapadia was a part owner of Charley's Grilled Subs in several malls, and her part ownership of these stores was valued at more than one million dollars.

Pertinent to the instant appeal are the payments the trial court ordered Ms. Kapadia to pay her ex-husband as a part of the property division. Under the divorce decree, Ms. Kapadia is to pay $819.960.50 to Mr. Kapadia, payable in four annual installments of $204,990.13. These four installments were to be paid on March 1 of 2010, 2011, 2012, and 2013.

Ms. Kapadia appealed the judgment of the trial court, and this court affirmed, on May 12, 2011. *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255 (hereafter "First Appeal").

**First Contempt Motion and Second Appeal**

When the first installment was due on March 1, 2010, Ms. Kapadia failed to pay fully as ordered. Mr. Kapadia filed a motion to show cause. The contempt matter proceeded to a hearing before a magistrate, which began on October 28, 2010, and concluded on January 21, 2011. The issues to be resolved at the hearing was whether Ms. Kapadia should be found in contempt and whether the court should grant Mr. Kapadia's request of attorney fees of $25,181.35.

The magistrate issued a decision on April 4, 2011, and the court subsequently adopted the decision. Finding Ms. Kapadia's claim of inability to pay not credible, the trial court sentenced Ms. Kapadia to 30 days in jail, but permitted her to purge her contempt by paying the remaining balance on the first installment ($39,990.13). The court also determined that Mr. Kapadia was entitled to an award of attorney fees for prosecuting the motion for contempt. The court, however, determined Mr. Kapadia was not entitled to an award of all attorney fees and expenses incurred since the divorce was finalized. Based upon a review of his attorneys' fee bill, the trial court determined Mr. Kapadia was entitled to $8,700 in attorney fees.

On June 9, 2011, Ms. Kapadia appealed from the trial court's judgment. On March 1, 2012, this court affirmed the trial court's decision, in *Kapadia v.*

*Kapadia*, 8th Dist. Cuyahoga No. 96910, 2012-Ohio-808 (hereafter "Second Appeal").

**Second Contempt Motion and the Instant (Third) Appeal**

While the parties litigated over Ms. Kapadia's failure to pay the first installment, the second installment became due on March 1, 2011. Again, Ms. Kapadia failed to pay. This prompted Mr. Kapadia to file yet another motion for contempt and for attorney fees, on March 11, 2011.

On June 5, 2012, the magistrate held a hearing over the second contempt motion and attorney fees. Mr. Kapadia submitted a fee bill that itemized fees from April 10, 2009, to March 6, 2012, for a total of $125,877.50 (393 hours), which included work on the First and Second Appeal.

Because the second installment had been paid in full (on August 31, 2011) by the time a hearing over the motion for contempt was held, the magistrate found the motion moot. However, because Mr. Kapadia had to yet again engage his counsel to file a motion for contempt for the payment of the second installment, the magistrate awarded Mr. Kapadia attorney fees of $36,607.00 and expenses of $1,974.79.[1]

Ms. Kapadia filed objections to the magistrate's decision. The trial court found the objections well taken in part, because it found the amount of time billed for certain services excessive. The trial court awarded fees related to the prosecution of the second motion for contempt filed on March 11, 2011 ($15,085), and fees in connection with the Second Appeal ($10,660). Including the expenses of $1,974.79, the trial court awarded $27,719.79 in fees and expenses.

*Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 99797, 2013-Ohio-5588, ¶ 2-11 (hereafter "Third Appeal").

{¶3} In the Third Appeal, we determined that the trial court did not abuse its discretion in awarding attorney fees, but we remanded for a recalculation of fees in connection with the Second Appeal and in connection with the prosecution of the second motion for contempt. On remand, the trial court awarded $8,700 in attorney fees in connection with the Second Appeal and $13,610 in attorney fees in connection with the prosecution of the second motion for

---

[1]Mr. Kapadia has two attorneys. The magistrate stated that the amount awarded was based on his first counsel's hourly fee of $400 before 2012 and $450 beginning in 2012, and the second counsel's hourly fee of $250.

contempt. The $1,974.79 in expenses remained undisturbed. In total, Ms. Kapadia was ordered to pay $24,284.79. Ms. Kapadia now appeals, asserting two assignments of error for our review:

> I. Ignoring this court's remand for recalculation, the trial court erred in awarding attorney fees in the amount of $8,700 for defense of the Second Appeal.
>
> II. Ignoring this court's remand for recalculation, the trial court erred in awarding attorney fees in the amount of $13,610 for the prosecution of the second motion for contempt.

The first assignment of error is sustained, and the second assignment of error is overruled.

{¶4} We review a domestic relations court's decision to grant attorney fees for abuse of discretion. *Dureiko v. Dureiko*, 8th Dist. Cuyahoga No. 94393, 2010-Ohio-5599, ¶ 26. Under R.C. 3105.73(A), a court may award all or part of reasonable attorney fees and litigation expenses to either party if the court finds the award equitable. In determining whether such an award is equitable, "the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." R.C. 3105.73(B).

{¶5} In her first assignment of error, Ms. Kapadia argues that the trial court erred in awarding Mr. Kapadia $8,700 in attorney fees for defense of the Second Appeal. We agree.

{¶6} The Second Appeal involved the first contempt motion. In the Third Appeal, we explained that "in light of the determination that the attorney fees regarding the first motion for contempt was $8,700, an award of attorney fees of $10,660 to defend that award appears excessive and unreasonable." *Kapadia*, 8th Dist. Cuyahoga No. 99797, 2013-Ohio-5588, at ¶ 20. We further concluded that it was "unclear as to how the trial court arrived at the amount of $10,660, in the absence of an itemization of the specific services relating to the appeal." *Id.* at ¶ 21.

{¶7} On remand, the trial court stated that it reviewed the itemized fee bill originally submitted by Mr. Kapadia and that it found that the total amount of fees billed by Mr. Kapadia's counsel in connection with the second appeal exceeded $8,700. The trial court then concluded

that, pursuant to our remand, "an award of $8,700 for attorney fees incurred by [Mr. Kapadia] is appropriate."

{¶8} Ms. Kapadia argues that the trial court's order did not comply with our instructions on remand to recalculate the attorney fee award. We agree. The invoice that the trial court stated that it reviewed was an all-encompassing invoice exceeding $125,000 spanning from April 10, 2009 through March 6, 2012. In its order on remand, the trial court conducted no calculation of any kind. Rather, the trial court noted that the attorney fees for the first contempt motion was $8,700, and then it proceeded to award Mr. Kapadia that exact same amount for attorney fees in connection with the appeal to defend that award.

{¶9} We noted in the Third Appeal that Mr. Kapadia retained two attorneys who billed at different hourly rates. On remand, the trial court failed to articulate which services it was awarding, and which hourly rates it was utilizing. Once again, "in the absence of an itemization of the specific services relating to the appeal," we must remand this matter to the trial court for recalculation. *Id*. at ¶ 21. The first assignment of error is sustained.

{¶10} In her second assignment of error, Ms. Kapadia argues that the trial court erred in awarding attorney fees in the amount of $13,610 for the prosecution of the second motion of contempt. We overrule the assignment of error.

{¶11} In the Third Appeal we noted that the second motion for contempt related to Ms. Kapadia's failure to timely make the second installment payment on March 1, 2011. Accordingly, with respect to prosecuting the second motion of contempt, we concluded that "Mr. Kapadia is only entitled to fees incurred after March 1, 2011. Upon remand, the trial court should deduct any fees billed between January 21, 2011 and March 1, 2011." *Kapadia*, 8th Dist. Cuyahoga No. 99797, 2013-Ohio-5588, at ¶ 22.

{¶12} On remand, the trial court stated that it conducted a new review of the itemized fee statement that had originally been submitted by Mr. Kapadia's counsel. The trial court then stated that "it is appropriate to award attorney fees to [Mr. Kapadia] in the amount of $13,610." According to the trial court, "[t]his amount represents all of the fees incurred by [Mr. Kapadia] that were clearly marked as relating to the prosecution of his second motion to show cause on [Mr. Kapadia's] counsel's submitted bill." The final figure also included deductions for charges that were billed for twice for the same work by both of Mr. Kapadia's attorneys.

{¶13} On appeal, Ms. Kapadia does not argue that the trial court failed to deduct fees that were billed between January 21, 2011 and March 1, 2011. Rather, Ms. Kapadia argues that any attorney fees that were incurred after August 31, 2011 were unreasonable, because by that date she had fully paid the second installment. According to Ms. Kapadia, there was no need for Mr. Kapadia's counsel to continue to pursue the contempt charges once she paid the second installment.

{¶14} We will not consider Ms. Kapadia's argument because "[t]rial courts have no authority to extend the scope of remand limited by a mandate of this court." *State v. Bronston*, 8th Dist. Cuyahoga No. 97558, 2012-Ohio-2631, ¶ 4. In the Third Appeal, our instructions to the trial court on remand were limited to deducting any fees that were billed between January 21, 2011 and March 1, 2011. It follows that our review in the current appeal is limited to ensuring that the trial court complied with this instruction.

{¶15} Ms. Kapadia had briefed this same argument in the Third Appeal. We acknowledge that our decision in the Third Appeal did not explicitly address this argument. Ms. Kapadia could have filed a motion for reconsideration, asking this court to expressly rule that the scope of the remand should have included attorney fees that were incurred by Mr.

Kapadia after August 31, 2011.   Ms. Kapadia filed no such motion, and at this stage in the litigation, she is foreclosed from reopening this line of argument.   Because Ms. Kapadia does not argue that the trial court failed to deduct any fees billed between January 21, 2011 and March 1, 2011, we overrule the second assignment of error.

{¶16} Judgment affirmed in part, and reversed and remanded in part.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR